810 F.2d 1270
 55 USLW 2433, 37 Ed. Law Rep. 488
 Charles ROBINSON and Rita Harrington, Appellants,
v.
Alice G. PINDERHUGHES, Superintendent of Public Instruction,
Baltimore City Public Schools, individually and in
her official capacity, Appellee.
 No. 85-1370.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 3, 1986.
Decided Jan. 30, 1987.
 
 Winifred R. DePalma, Maryland Disability Law Center (Eleanor Montgomery, David F. Chavkin, Baltimore, Md., on brief), for appellants.
 Frank C. Derr, Asst. City Sol. (Elise Jude Mason, Chief City Sol., Ronald A. Karasic, Asst. City Sol., Benjamin L. Brown, City Sol., Ambrose T. Hartman, Deputy City Sol., Baltimore, Md., on brief), for appellee.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 The plaintiffs, a handicapped child and his mother, sued the Superintendent of Public Instruction of Baltimore City Public Schools, alleging a denial of rights created for them by the Education of the Handicapped Act (EHA), 20 U.S.C. Sec. 1400, et seq. and Maryland education law, Md.Educ.Code Ann. Sec. 8-401, et seq. Essentially, their claim is that Charles Robinson was denied a free appropriate public education when the city school system failed to implement a favorable decision by the local hearing officer within the time limits set.
 
 
 2
 The district court dismissed the complaint, holding that the plaintiffs failed to exhaust their state administrative remedies.[1] Since the party who wins an EHA hearing at the local level is not required to appeal that decision to the state hearing board, and since a failure to implement a favorable final order of the local hearing officer is a deprivation of a right secured by federal law, we reverse in part and remand to the district court for further proceedings on the plaintiffs' civil rights claim under 42 U.S.C. Sec. 1983. We affirm, however, the district court's dismissal of the EHA claim under 20 U.S.C. Sec. 1415 since the plaintiffs are not aggrieved parties within the meaning of the statute, and affirm as well the dismissal of the state law claim under similar reasoning.
 
 
 3
 Because the complaint was dismissed without factual inquiry, we consider the case on the facts therein stated.
 
 
 4
 Charles Robinson, who was 18 years old at the time this action was brought, has a long history of receiving special education services. On October 9, 1984, after an administrative hearing, the local hearing officer found four specific procedural violations of the EHA by the city schools in denying Charles' request: The city failed to complete an assessment of Robinson within the 45 days required by state law; it failed to schedule a meeting to review the assessment within 30 calendar days of the completion of the assessment as required by state law; it failed to specify alternative placements and explain why they were rejected as required by state law; and it placed Robinson on home instruction for which he did not qualify in violation of state law.
 
 
 5
 The hearing officer found that Charles was a seriously emotionally disturbed adolescent who required a residential placement, not available in the city school system, to benefit from educational services. He was found to require a Level VI program, as defined by state regulations. See Md.Admin.Code Sec. 13A.05.01.06E(3)(f).
 
 
 6
 The hearing officer ordered the city to submit applications to three Level VI programs by October 19, 1984 and to place Charles in a temporary placement in the interim if possible. He also ordered Charles to be permanently placed by November 20, 1984.
 
 
 7
 No party sought a state level review of the hearing officer's decision. On December 5, 1984, since Charles had not yet received any change in his educational program, the plaintiffs brought this action in district court alleging violations of the EHA, 20 U.S.C. Sec. 1401, et seq., the federal civil rights statute, 42 U.S.C. Sec. 1983, and Maryland Education Law, Md.Educ.Code Ann. Sec. 8-401, et seq.
 
 
 8
 On February 15, 1985, a consolidated class action suit involving other handicapped students in the city, alleging complaints with respect to education of the handicapped, was dismissed for failure to exhaust administrative remedies under the EHA and state law and failure to state a cause of action under Sec. 1983. On that same day, the court, on oral motion, dismissed Charles' EHA and state law claims, finding that the plaintiffs should have exhausted their administrative remedies before bringing these claims. As aggrieved parties, it found, they should have sought administrative review at the state level for a review of the local hearing officer's decision.
 
 
 9
 The court reasoned that since the state hearing board had not had an opportunity to review the local decision, the plaintiffs did not receive a final administrative decision, a required prerequisite for an EHA claim: "The EHA and the Maryland regulations clearly envision that all disputes must first be brought before local and state hearing boards before judicial review can be sought." The court found that the state board possessed the power to enforce the local hearing officer's decision had the plaintiffs asked it to: "Had they done so and had the State Board refused or failed to enforce a decision of the local board, clearly plaintiffs could have come here [to the district court] for enforcement."
 
 
 10
 The court also dismissed the plaintiffs' Sec. 1983 claim. Although it recognized that exhaustion of administrative remedies could not be a prerequisite for a Sec. 1983 action, the court found that this claim was precluded by the recent Supreme Court case of Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). It construed Smith as holding that the EHA provided the exclusive remedy.
 
 Section 1983 Claim
 
 11
 We note as a preliminary matter that the plaintiffs in our opinion have received a final administrative decision under the EHA. The federal statute provides that "any party aggrieved by the findings and decision" of a local hearing officer may appeal to the state educational agency, 20 U.S.C. Sec. 1415(c). A hearing decision that is not appealed is final. 20 U.S.C. Sec. 1415(e)(1). Contrary to the district court's holding, the plaintiffs had neither the responsibility nor the right to appeal the favorable decision by the local hearing officer since they were not aggrieved by his decision. They had exhausted all administrative remedies available to them under the EHA. When the city did not appeal the local decision, it became the final administrative decision of the State. 20 U.S.C. Sec. 1415(e)(1).
 
 
 12
 In Smith, the plaintiffs brought claims similar to Robinson's under state law, the EHA, Sec. 504 of the Rehabilitation Act, and Sec. 1983. Finding that the plaintiffs prevailed on their state law claims, the district court did not need to reach their federal statutory and constitutional claims. Smith, 468 U.S. at 1001, 104 S.Ct. at 3463. The plaintiffs subsequently requested attorneys' fees. The district court found that the plaintiffs were entitled to attorneys' fees, although their civil rights claim was never reached because they ultimately prevailed in an action which might have been brought to enforce a meritorious Sec. 1983 claim. Id. at 1001-02, 104 S.Ct. at 3463-64. The plaintiffs received fees for the time spent by counsel on the state administrative process since the EHA required the plaintiffs to complete the administrative process before bringing their Sec. 1983 and Sec. 504 claims. Id.
 
 
 13
 The First Circuit, in Smith, reversed, holding that Congress enacted an exclusive comprehensive remedial scheme in the EHA that intentionally omitted attorneys' fees. It held that parties should not be permitted to supplant this omission by resorting to Sec. 1988 for fees whenever they prevail on an EHA claim. See also Teresa Diane P. v. Alief Indep. School Dist., 744 F.2d 484, 490-91 (5th Cir.1984) (the EHA "would be rendered obsolete if a plaintiff could choose instead simply to go directly to federal court alleging a constitutional violation," discussing Smith ).
 
 
 14
 In affirming the court of appeals, the Supreme Court found that the plaintiffs' constitutional claims were virtually identical to their EHA claims. It then held that "Congress intended the EHA to be the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed education." Smith, 468 U.S. at 1009, 104 S.Ct. at 3468. Because Congress created in the EHA an elaborate state-administered procedural mechanism to protect the educational rights of handicapped children, it intended to preclude the use of Sec. 1983 as a remedy for a claim that alleges an equal protection violation of those rights. Id. at 1011-13, 104 S.Ct. at 3469-70.
 
 
 15
 But, while Smith precluded an equal protection claim under Sec. 1983 based on the EHA, it did not foreclose other EHA claims under Sec. 1983 which constituted, under color of state law, violations of rights secured by the Constitution and laws of the United States. Smith itself, for example, recognized without deciding that a due process challenge to state procedures under the EHA might be asserted under Sec. 1983. 468 U.S. at 1014, n. 17, 104 S.Ct. at 3470 n. 17.
 
 
 16
 Plaintiffs argue vigorously that the failure of the Baltimore school system to give effect to the final administrative action is a violation of due process. We have some doubt that this is so, even though we do not have to decide the point. Plaintiffs received all sought for hearings with procedural safeguards, about which they do not complain; indeed, they won so far as the administrative process is concerned. And the mere failure of the city to comply with the administrative order, we doubt should be characterized as sufficiently without rational basis to constitute substantive due process. See Ferguson v. Skrupa, 372 U.S. 726, 733, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1963), (Justice Harlan concurring).
 
 
 17
 We need not go so far, however, as to further burden the already overworked due process clause. The Court decided in Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), that Sec. 1983 encompasses claims based on purely statutory violations of federal law. The Court followed Edelman v. Jordan, 415 U.S. 651, 675, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which had construed Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), to hold that suits in federal court under Sec. 1983 are proper to secure compliance with the AFDC provisions of the Social Security Act on the part of participating States. In Thiboutot, the State of Maine had construed the Social Security Act to deprive Thiboutot of AFDC benefits for five of his children, although he was legally obligated to support them. Thus, the Court directly held that Sec. 1983 is available as a remedy when a State refuses to grant benefits insured by federal law.
 
 
 18
 In our case, the Education of the Handicapped Act insures benefits to handicapped children and requires participating States to set up an elaborate administrative procedure for deciding complaints. The federal statute specifically provides for the finality of administrative orders. 20 U.S.C. Sec. 1415(e)(1). It further provides for access to state and federal courts for review of adverse administrative orders. 20 U.S.C. Sec. 1415(e)(2). But the statute does not contain any provision for enforcing final administrative orders. Access to the courts is provided only to review adverse administrative orders, i.e. to the "party aggrieved." Neither does Maryland law provide any such enforcement provision, the district court to the contrary. No authority is cited and we find none for that proposition. Md.Code, Education, Sec. 8-415(f), (g) and (h) provide for state court review under "applicable federal law and regulations," subsection (f); and similarly "under applicable federal law," subsection (h). Thus, the plaintiffs are left with a favorable final administrative decision which they are powerless to enforce upon the city, or at least that is the city's position. While the existence of a wrong without a remedy is not itself a reason for the application of Sec. 1983, the existence of such a state of affairs enters into our reasoning in finding that the city has, under color of state law, violated the federal statute on education of the handicapped. The statute can only be fairly construed to contemplate that once a final favorable administrative decision has been gained by a plaintiff, the State will carry out that decision although it may have opposed the position of the plaintiff in the administrative proceedings.
 
 
 19
 Middlesex County Sewerage Authority v. Sea Clammers, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), is not to the contrary. That case held that where a federal statute contains its own "sufficiently comprehensive" enforcement mechanism, Sec. 1983 relief is not available although a State may otherwise be in violation of a federal statute. See esp. pp. 19-21, 101 S.Ct. pp. 2625-27. The statute in our case does provide an enforcement scheme when a claimant is faced with an adverse administrative decision; it does not provide, however, for enforcement of a favorable administrative decision. We are of opinion the enforcement mechanism is not sufficiently comprehensive. Thus, Middlesex does not preclude the relief which is authorized under Thiboutot.
 
 
 20
 Nor does Pennhurst State School v. Halderman, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), indicate that the plaintiffs should not be accorded relief here.
 
 
 21
 Pennhurst was a case under the Developmentally Disabled and Bill of Rights Act of 1975, 42 U.S.C. Sec. 6000, et seq., and the question was whether the Act created substantive rights in favor of the mentally retarded (p. 11, pp. 15-27, 101 S.Ct. pp. 1536, 1538-44), and whether the governing statute provided an exclusive remedy for a violation of its terms (p. 28, 101 S.Ct. p. 1545). The question of an exclusive remedy was later refined in Middlesex, which we have just discussed, so the remaining question is whether the EHA creates substantive rights. That question has been answered in Smith, where, in addition to many recitals of the rights created, the Court stated on p. 1010, 104 S.Ct. p. 3468: "And the Act establishes an enforceable substantive right to a free appropriate public education."[2] That this is a literal as well as reasonable construction of the statute is borne out by the statutory provisions providing for a cause of action and access to the courts for parties aggrieved by the administrative proceedings. 20 U.S.C. Sec. 1415(e)(2) and (4).* In Smith, the Court also stated, and we believe this statement is very nearly decisive in our case: "We conclude, therefore, that where the EHA is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the equal protection clause of the Fourteenth Amendment, the EHA is the exclusive avenue through which the child and his parents or guardian can pursue their claim." p. 1013, 104 S.Ct. p. 3740.
 
 
 22
 In our case, while the EHA was available to the child to have his substantive rights established, it was not available to him to have them enforced. Thus, we are of opinion that Thiboutot and Middlesex require that the plaintiffs be permitted to pursue their remedy under Sec. 1983 for deprivation of a right secured by the laws of the United States. Any constitutional right which the plaintiffs had was decided favorably to them in the administrative proceeding. The right which they seek to enforce here is to have the substantive decision in their favor carried out.
 
 
 23
 Our decision is not approval of an end run around the EHA in order to circumvent or enlarge the remedies available under the EHA. See Smith, supra. The plaintiffs in fact did proceed under the EHA until the city simply declined to enforce the final decision of the hearing officer. At that point, and not before, plaintiffs were entitled to rely upon Sec. 1983. We are of opinion the dismissal of their Sec. 1983 claim was error.
 
 EHA Claim
 
 24
 We affirm the district court's dismissal of the plaintiffs' claim brought under the EHA, 20 U.S.C. Sec. 1415, but for different reasons. See SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). The district court held the plaintiffs could not prosecute their EHA claim because they had not exhausted their administrative remedies under that statute.
 
 
 25
 As we have previously indicated, however, we think plaintiffs had exhausted their administrative remedies. They had a final administrative decision of a hearing officer which was not appealed from. They could not have appealed from a ruling of a hearing officer under 20 U.S.C. Sec. 1415(c) because they were not a party aggrieved by the hearing officer's decision, and we do not think that Maryland law, Sec. 8-415(b), contemplates appealing a favorable decision.
 
 
 26
 The EHA provision, however, providing for a cause of action and access to the courts states in pertinent part that:
 
 
 27
 "Any party aggrieved by the findings and decisions [in the administrative proceedings] ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any state court of competent jurisdiction or in a district court of the United States...."
 
 
 28
 The plaintiffs here are not parties aggrieved. Thus, the statute does not provide for their access to either the state or federal courts. For that reason, their claim under the EHA was properly dismissed.
 
 State Law Claim
 
 29
 The Maryland education code Sec. 8-415(f), (g), (h) provides for access to the Maryland courts under "applicable federal law and regulations," subsection (f) and similarly under "applicable federal law," subsection (h). If subsection (g) may be said to grant jurisdiction to Maryland courts for an "appeal from the State hearing board," plaintiffs have had nothing to appeal from; their administrative action was successful. Thus, Maryland law also does not provide for court enforcement of the favorable administrative order gained by the plaintiffs. The state law, therefore, does not provide access to the courts except to the aggrieved or losing party, and the state claims were properly dismissed because the plaintiffs were not aggrieved by the administrative decision. They could not appeal from a successful decision.
 
 
 30
 The judgment of the district court dismissing the plaintiffs' claims under the EHA and under state law is affirmed. The judgment of the district court dismissing the plaintiffs' claims under Sec. 1983 is vacated, and the case is remanded for action not inconsistent with this opinion.
 
 
 31
 AFFIRMED IN PART; VACATED IN PART; and REMANDED.[3]
 
 
 
 [1]
 20 U.S.C. Sec. 1415(a) requires that participating States and their educational units maintain and establish certain procedural safeguards. Among them, subsection (b)(2) provides for an "impartial due process hearing" for complaints with respect to the educational placement of a child. The due process hearing may be either by a state agency or by a local or intermediate agency as determined by state law. If the hearing is by a local agency, the aggrieved party may take an appeal to the state agency under subsection (c). The Maryland Code, Education, Sec. 8-415(a)(2), provides for the due process hearing at the county level to be before a hearing officer or a hearing board. In our case, a hearing officer was appointed. Subsection (b) provides that appeals from the hearing officer be heard by a hearing board at the state level
 
 
 [2]
 While we need not depend on the equal protection clause, we note that the statute itself, 20 U.S.C. Sec. 1400(b)(9) provides that it is in the national interest that the federal government assist state and local efforts to meet the educational needs of handicapped children "in order to assure equal protection of the law." Such a finding would seem to be at least arguably an exercise of Congress' power to secure the guarantees of the Fourteenth Amendment. See Pennhurst, pp. 15-16, 101 S.Ct. pp. 2623-24
 
 
 *
 Ed. Note: 20 U.S.C. Sec. 1415(e)(4) has recently been renumbered as a result of Congressional amendment. The wording of this provision remains unchanged but the new citation is 20 U.S.C. Sec. 1415(e)(4)(A). See P.L. 99-372, Sec. 2, Aug. 5, 1986, 100 Stat. 796, 797
 
 
 [3]
 The answer filed in this case indicates that Charles Robinson was placed in a level VI educational program following institution of this suit. That, of course, is a matter of fact, but some or all of the injunctive relief prayed for may not necessarily be awarded upon factual development of the case. The issue of damages, however, has not been considered and is not moot, even if injunctive relief may turn out so to be. We express no opinion either on the question of damages or injunctive relief. With respect to any question of damages, see Smith, 468 U.S. p. 1020 n. 24, 104 S.Ct. p. 3473 n. 24