**David HILLER, a Handicapped child, by his Parents and Natural Guardians Robert HILLER and Nancy Hiller, Plaintiffs,**

v.

**BOARD OF EDUCATION OF the BRUNSWICK CENTRAL SCHOOL DISTRICT, Thomas Sobol as Commissioner of the New York State Department of Education and the New York State Department of Education, Defendants.**

No. 87–CV–1141.

United States District Court, N.D. New York.

Dec. 4, 1987.

Cooper Erving Savage Whalen Nolan & Heller, Albany, N.Y., Robert G. Wakeman, of counsel, for plaintiffs.

Whiteman Osterman & Hanna, Albany, N.Y., Kenneth S. Ritzenberg, of counsel, for defendant Board of Educ. of the Brunswick Central School.

James H. Whitney, N.Y. State Educ. Dept., Albany, N.Y., David F. Stever, of counsel, for defendants Thomas Sobol and New York State Dept. of Educ.

MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Plaintiffs, Robert and Nancy Hiller, commenced this action on behalf of their son,

David, seeking relief under the Education of All Handicapped Children Act, 20 U.S.C. § 1401, *et seq.* ("EAHCA"). The plaintiffs are seeking declaratory relief compelling the defendants Board of Education of the Brunswick Central School District ("Board of Education"); Thomas Sobol, Commissioner of the New York State Department of Education; and the New York State Department of Education (referred to collectively as "the state defendants") to provide David with a "free appropriate public education" under the EAHCA,[1] which would include various provisions for assisting David with his alleged writing disability.

BACKGROUND

David Hiller is a twelve year old boy who apparently has difficulties integrating various motor, creative, and mechanical aspects of the writing process. He has a neuro-developmental weakness in sequencing information and in his attentional skills. David entered the Brunswick Central School District in September, 1985 at the fifth grade level. Shortly thereafter, David's teacher requested that the school psychologist evaluate David for the presence of a learning disability based upon writing and attention problems.

In October of 1985, David was evaluated and the decision was made not to refer him to the local Commission on Special Education ("CSE"). David's parents were not notified of their procedural rights with respect to that decision as required by 8 N.Y.C.R.R. 200.5(a). (The beginning of a long list of alleged procedural violations.) The teacher, on her own, provided David with in-class remedial help, but there is evidence that perhaps David did not receive an appropriate education during the 1985–86 academic year.

In February of 1986, David was evaluated at the Boston Children's Hospital. The doctor there concluded that David did have a learning disability and that remedial help outside the classroom was warranted. In April of 1986, a re-hearing was held to again consider whether David was learning disabled under the EAHCA. The decision was again made that David was not handicapped, but that in-class remedial help would be provided.

At the request of his parents, in June of 1986, David was evaluated by a child and school psychologist who confirmed the Boston Children's Hospital diagnosis of a learning disability. The psychologist also determined that David would benefit from out-of-class remedial help.

Mrs. Hiller then requested that the school reconsider David's condition, contending that he had a learning disability for purposes of the EAHCA. On September 9, 1986, a hearing was held and the CSE found David to be learning disabled. A Phase I Independent Educational Program ("IEP") was then developed for the 1986–87 academic year. The defendant Board of Education contends that David was labeled learning disabled because the decision was close and the school wished to prevent subsequent litigation by the parents.

Plaintiffs appealed the approved IEP, alleging that it did not provide David with an appropriate education for the 1986–87 academic year. An impartial due process hearing was then conducted. The hearing officer found that the school district had "violated nearly all of the parents' procedural rights under New York and federal law from September, 1985 to the date of this complaint." Thus, the contested IEP was remanded to the CSE and the CSE revised it.

On January 26, 1987, pursuant to § 4404, subd. 1 of the New York Education Law, plaintiffs appealed only the issue of whether the IEP provided David with an appropriate education to the defendant Commissioner of the New York State Department of Education ("Commissioner"). David's eligibility under the EAHCA as a learning disabled child was *not* contested by either party on that appeal, or in the previous appeal. The Commissioner, in reviewing the IEP, reclassified David as not handi-

1. The EAHCA creates a comprehensive scheme for assuring that handicapped children receive a "free appropriate public education." 20 U.S.C. § 1401.

capped under either state or federal law. That decision seems to rest mainly upon a writing competency test in which David was one point short of meeting the 50% discrepancy cut-off point between expected achievement (based upon intellectual ability) and actual achievement under New York State law.

During the annual review, the CSE, by unanimous decision, found David ineligible for Special Educational Services for the present academic year (1987–88). The CSE chairperson later clarified that decision indicating that it meant David was no longer handicapped, i.e. learning disabled.

## DISCUSSION

Plaintiffs are now moving for partial summary judgment asserting that the Commissioner lacked the authority to review the uncontested CSE decision that David was handicapped for the 1986–87 academic year. The state defendants have cross-moved for summary judgment seeking dismissal of the complaint. Basically, the state defendants contend that the Commissioner, in reviewing the appropriateness of the IEP, must necessarily review the nature and existence of the handicap itself. The Board of Education did not cross-move for summary judgment; it simply opposes plaintiffs' motion based upon its assertion that there are genuine issues of fact regarding whether David does, in fact, have a handicapped condition, making summary judgment improper.

The main issue presented by this motion is whether the Commissioner violated the finality requirement of administrative decision, as set forth in 20 U.S.C. §§ 1415(c) and (e)(1), when he reclassified David as not handicapped under the EAHCA. Although there are factual disputes with respect to the alleged violations of the plaintiffs' procedural rights, there are no genuine issues of material fact with respect to the circumstances surrounding the appeal of the IEP to the Commissioner. The court will therefore consider whether, as a matter of law, the Commissioner exceeded the scope of his authority by reconsidering the CSE's classification of David as handicapped.

In support of their position, plaintiffs rely upon certain provisions of the EAHCA and upon the case of *Antkowiak v. Ambach*, 638 F.Supp. 1564 (W.D.N.Y.1986).[2] Section 615(c) of the EAHCA provides, in pertinent part:

> If the hearing ... is conducted by a local education agency ... any party *aggrieved* by the findings and decision rendered in such a hearing may appeal to the State educational agency....

20 U.S.C. § 1415(c) (West 1978) (emphasis added). Section 1415(e)(1) sets forth the finality requirement as follows:

> A *decision made in a hearing ... shall be final,* except that any party involved in such hearing may appeal such decision....

20 U.S.C. § 1415(e)(1) (West 1978) (emphasis added). That finality requirement is echoed in the EAHCA regulations. In particular, 34 C.F.R. § 300.509 states:

> A *decision made in a hearing ... is final, unless* a party to the hearing appeals the decision under § 300.510 or § 300.511.

34 C.F.R. § 300.509 (1986) (emphasis added).

Relying upon the statutory provisions set forth above, in *Antkowiak*, Chief Judge Curtin granted plaintiff's motion for partial summary judgment, stating that the Commissioner "lacked the authority, under federal law," to review the hearing officer's decision insofar as it affirmed the Committee on the Handicap's finding that the child was handicapped. *Id.* at 1570. In so holding, the *Antkowiak* court rejected the Commissioner's position that he has the right to reconsider *all* issues addressed by the hearing officer. Specifically, the court found that under § 1415(e)(1), the decision of an impartial hearing officer as to whether a child is handicapped is a final decision, unless that issue is appealed by an aggrieved party pursuant to § 1415(c). *Id.* at

---

**2.** The court was advised at oral argument that the *Antkowiak* case was recently argued before the Second Circuit; no decision has been issued yet, however.

1571. *See also, Robinson v. Pinderhughes, et al.,* 810 F.2d 1270, 1275 (4th Cir.1987). (Under § 1415(c) of the EAHCA, only aggrieved parties may appeal a final decision.)

In *Antkowiak,* the only contested issue before the Commissioner was whether a child, properly determined to be handicapped, could be placed in an out-of-state institution at the state's expense. On appeal to the Commissioner the label of the child as handicapped was not a contested issue. In hearing the placement appeal, however, the Commissioner ruled that the child was not handicapped, and thus not entitled to Special Educational Services. The Commissioner so ruled even though the handicap issue was not before him.

The state defendants contend that *Antkowiak* is distinguishable from the present case because in *Antkowiak* the plaintiffs did not appeal an IEP, as did these plaintiffs. The state defendants assert that when an IEP is the subject of an appeal to the Commissioner, the Commissioner must necessarily review the nature and existence of the handicap itself.

The court is not convinced, however, that those minor factual distinctions render *Antkowiak* inapplicable here. In fact, as plaintiffs astutely noted, the procedure followed by the Commissioner in the present case was even more egregious than that followed by the Commissioner in *Antkowiak.* In *Antkowiak,* the Commissioner gave the parties notice and an opportunity to address the issues, including the handicap issue. Here, the plaintiffs had no notice of the Commissioner's intent to review the handicap issue, and consequently, plaintiffs did not address that issue on appeal. Thus, if the Commissioner did not have the power in *Antkowiak* to review the handicap issue, even though the parties were fully aware of his intent to do so, it follows that the Commissioner should not have such power of review here where the parties were not put on notice.

In addition, as plaintiffs correctly noted, several courts have struck down state laws allowing the state to reject the findings of lower state level hearing officers. In

*Helms v. McDaniel,* 657 F.2d 800 (5th Cir. 1981), *cert. denied,* 455 U.S. 946, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982), for example, the court reasoned that such a state law violated the finality and impartiality requirements of § 1415. The *Helms* court explained:

> To safeguard the right to an appropriate education, Congress made unmistakably clear that the hearings provided by the Act were to be impartial and result in final decisions. *If a state board may, at its discretion, reject the results of this process, the entire system of procedural safeguards is nullified at a single stroke.*

*Id.* at 805–06 (emphasis added). Likewise, in *Christopher N. v. McDaniel,* 569 F.Supp. 291 (N.D.Ga.1983), the court found that the impartial due process hearing requirement of § 1415(b)(2), combined with the § 1415(e)(1) finality requirement, evidenced Congressional intent to "foreclose the possibility that the 'state educational agency' could control or alter the outcome of the hearing...." *Id.* at 301.

Although there is no state law here allowing the Commissioner to consider the handicap issue when an IEP is being appealed, the reasoning set forth above is equally persuasive. Specifically, allowing the Commissioner to reconsider the handicap issue on the appeal of an IEP would remove all the procedural safeguards from the process, which the EAHCA was enacted, in part, to provide. It would mean that the Commissioner could, as he did here, completely alter the outcome of the hearing. Moreover, the state defendants' position undermines the finality requirement of the EAHCA. Under the state defendants' view, decisions by local educational agencies with respect to labeling a child handicapped would never become final, at least when the IEP is at issue.

The state defendants also contend that because the State Education Agency is ultimately responsible for assuring that the due process hearing and decision meet EAHCA requirements, the Commissioner has the discretionary power to reconsider the handicap issue, even if it is not a con-

tested issue on appeal. According to the state defendants, that discretionary power is found in 34 C.F.R. §§ 300.510(b)(1) and (5).[3] Although those regulations require the Commissioner to examine the entire record, and to make an independent decision based upon that review, it does not follow that the Commissioner has the discretionary power to overturn a final decision on eligibility. If the Commissioner had such power, parents would be reluctant to ask for IEP reviews as eligibility could be reversed, even though it was not a contested issue. That result would directly contradict one of the purposes of the EAHCA, to fully protect the educational rights of handicapped children. *See* 1975 U.S. Code Cong. & Admin.News 1425, 1429–1433.

In addition, contrary to the state defendants' contention, those regulations do not conflict with the finality requirement of 34 C.F.R. § 309, set forth above. The procedures set forth in §§ 310.510(b) simply pertain to the issues on appeal; they do not in any way undermine the finality requirements of 20 U.S.C. § 1415 and 34 C.F.R. § 309.

In the present case, the Commissioner, while reviewing the IEP, reversed the CSE's finding that David was handicapped. The appropriateness of labeling David as a handicapped child was not an issue presented on appeal to the Commissioner. Therefore, after *Antkowiak,* and in light of the underlying purpose of the procedural finality and impartiality requirements of § 1415, the Commissioner clearly exceeded the scope of his authority under the EAHCA. He did so by considering and reversing the decision that David was handicapped, despite the fact that none of the parties raised that issue on appeal. The Board of Education had the opportunity to raise the handicap issue when David's parents appealed the IEP; but they chose not to do so. Thus, the Commissioner was limited to considering only the IEP issue. Because the Commissioner clearly exceeded the scope of his authority, the court is not bound by that determination here. Further, because the decision by the hearing officer to label David as handicapped for EAHCA purposes was a final decision pursuant to § 1415(e)(1), the plaintiffs' motion for partial summary judgment is granted, declaring that David is a handicapped child within the meaning of the relevant state and federal laws for the 1986–87 academic year.

The state defendants assert that summary judgment is proper on the issue of whether David is handicapped because the record supports the Commissioner's decision that David was not handicapped during the 1986–87 academic year. This court need not consider the merits of the Commissioner's decision, however, because as previously discussed, the Commissioner lacked the power to make such a determination. The state defendants' cross-motion for summary judgment is therefore denied.

IT IS SO ORDERED.

---

**3.** 34 C.F.R. §§ 510(b)(1) and (5) provide:
If there is an appeal, the State educational agency shall conduct an impartial review of the hearing. The official conducting the review shall:
(1) Examine the entire hearing record; ...
(5) Make an independent decision on completion of review; ...