**PARENTS OF CHILD, CODE NO. 870901W, individually and as the parents and guardians of their minor child,**

v.

**Group I Defendants: John COKER, Superintendent of Wagoner Public Schools, Independent School District I-19, Wagoner County; Terry Crawford, President, Board of Education of I.S. District I-19 of Wagoner County; Glen Teel, School Board Member; Bob Vanbrut, School Board Member; Jim Gladden, School Board Member; and**

**Group II Defendant: John Folks, State Superintendent of Schools, State Dept. of Education, State of Oklahoma; and**

**Group III Defendants: Concerned Parents Association, an unincorporated assoc., Mike Fisher, Susan Fisher, Mike Marrs, Patricia Marrs, Carlene Gaylor, Brenda Leonard and Mike Gaylor; and**

**Group IV Defendant: The Honorable William H. Bliss, Judge of the District Court of Wagoner County.**

No. 87-564-C.

United States District Court, E.D. Oklahoma.

Order Dec. 17, 1987.*

Opinion Dec. 21, 1987.

---

* EDITOR'S NOTE: The Findings of Fact, Conclusions of Law and Preliminary Injunction and the Order were prepared separately by the Court, but were scheduled to have been filed simultaneously and as one document. Due to a delay in completion of the Findings of Fact, etc., the Order was filed first. The document is published as the Court intended.

Robert Inglish, Okmulgee, Okl., Don G. Holladay, Oklahoma City, Okl., for plaintiffs.

John Galowitch, Asst. Atty. Gen., Oklahoma City, Okl., for Group II & IV defendants.

Kenneth Hicks, Wagoner, Okl., for Group I defendant.

Dana Bowen & Tim K. Baker, Tahlequah, Okl., for Group III defendants.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND PRELIMINARY INJUNCTION

H. DALE COOK, Chief Judge.

This matter came on for hearing on December 11, 1987, concerning the application for preliminary injunction and stay of proceedings filed by plaintiffs.

Plaintiffs appeared through counsel Robert Inglish and Don Holladay. Group I defendants appeared through Kenneth Hicks, Attorney. Group II defendant appeared through John Galowitch, Attorney. Group III defendants appeared through Tim Baker, Attorney. Group IV defendant appeared through John Galowitch, Attorney.

Upon motion by Group II defendant for dismissal, the Court finds that the motion is well taken and the defendant should be dismissed. Upon motion by Group IV defendant requesting abstention, the Court denies the motion.

The Order of this Court setting forth the rationale of the Court's decision is fully adopted by reference herein.

### Findings of Fact

The Court acknowledges the following stipulations of fact for purposes of this hearing:

1. Plaintiffs are residents of Independent School District I–19 of Wagoner County, Oklahoma.

2. Wagoner School System receives federal funding under the Education of the Handicapped Act (EHA), 20 U.S.C. § 1400 et seq.

3. There has been a state plan adopted pursuant to the mandate of the EHA and a set of policies and procedures adopted to implement the plan.

4. The child with Code No. 870901W has tested positive HIV, is a hemophiliac and has emotional disorders.

5. Group III defendants which are individually named in the caption of the complaint are residents of Wagoner County School District and have children attending Wagoner Public Schools.

6. As to the current State Court proceedings in Wagoner County, Case No. C–87–583, *Concerned Parents Association, et al., v. Independent School District I–19, et al.* all parties agree that Judge Bliss has a temporary restraining order in effect against the admission of Child, Code No. 870901W by the School District.

7. That in regard to Case No. C–87–583, all pending motions are set for hearing on December 21, 1987 and a hearing on temporary injunction is set on January 5, 1988. The parties agree that the Court will take judicial notice of all the state court proceedings which will be presented by certified copies to the Court. Parties agree that a copy of the Supreme Court of Oklahoma's decision 69–847 will be entered into evidence and can be considered by the Court on agreement of all parties.

In addition after hearing of the testimony presented by plaintiffs, the Court makes the following additional findings of fact.

8. Child, Code No. 870901W is handicapped within the meaning of EHA because of emotional disability by virtue of the decision of the placement team.

9. Procedures were conducted pursuant to the EHA between the School District and the parents of Child resulting in a placement decision on October 21, 1987 determining that the least restrictive environment for the child would be within the emotionally disturbed class within the Wagoner Public Schools.

10. Because of the temporary restraining order issued in the State Court proceeding Child, Code No. 870901W is prevented from attending the class and receiving the benefit of the placement decision.

11. As a part of the placement decision the placement team considered and accepted the recommendation of the State multidisciplinary team organized pursuant to State guidelines for HIV positive students.

12. The placement decision of October 21, 1987 is a final decision not appealed from.

13. Based upon the testimony of the witness, the stipulation of facts and arguments of counsel, the Court finds that the plaintiffs are likely to succeed on the merits of their claim. The plaintiffs have suffered and will continue to suffer irreparable harm because of the denial of the Child's placement in the least restrictive environment. The actual harm to the plaintiffs is greater than the perceived harm to the Group III defendants. There is a public interest in providing handicapped children with an education in the least restrictive environment.

### Conclusions of Law

1. The administrative placement decision of October 21, 1987 is a final and unappealed from decision and Child, Code No. 870901W is denied the benefit of this decision because of the restraining order issued in State District court requested by Group III defendants.

2. The EHA pre-empts state law and the restraining order improperly interferes with the placement procedures outlined for the handicapped under the EHA.

3. The 1983 complaint filed by plaintiffs is an appropriate means of enforcement of the administrative decision.

4. The decision should be enforced.

### Preliminary Injunction

1. The Group III defendants shall be enjoined from prosecuting Case No. C–87–583, *Concerned Parents Association v. Independent School District No. I–19*, District Court of Wagoner County, except these defendants shall within 24 hours file a dismissal and a request that the temporary restraining order be dissolved.

2. Group III defendants shall be enjoined from any actions which interfere with or circumvent the placement of this Child pursuant to the procedures and placement decision under the federal Act.

3. In the event the action is not dismissed and the restraining order not dissolved within 48 hours of the date of this Court's Order, plaintiffs may so advise this Court and without notice seek additional relief necessary to implement this Court's Order.

### ORDER

This matter came on for hearing on December 11, 1987. Having considered the relevant evidence presented, both testimonial and in the form of exhibits, as well as arguments of counsel, the Court hereby enters this Order. This Order is intended to supplement the Findings of Fact, Conclusions of Law, and Preliminary Injunction filed in this action, by detailing the Court's rationale in reaching its decision.

On December 3, 1987, this Court entered an Order on the issue of federal jurisdiction. The statement of facts contained therein is hereby incorporated in this Order with two modifications: (1) the Group I defendants dispute that "school officials removed the child from class" on or about August 20, 1987 as stated on page 1 of that Order; (2) the parties stipulate that October 21, 1987, as opposed to October 23, 1987, is the date that the recommendation of the latest placement team was adopted to admit the child into the emotionally disturbed class in the public school.

When an initial hearing was held by the Court in this matter on November 2, 1987, all that was before the Court was the Complaint, the motion of the plaintiffs for preliminary injunction, and the supporting brief. This Court is extremely reluctant to exercise its injunctive powers unless convinced that the pending action is an appropriate one in which to do so. This reluctance is still greater when the relief sought is an injunction against a state court. Therefore, at the November 2, 1987, hearing, the Court closely questioned the parties regarding subject matter jurisdiction, the pertinent implications of the Eleventh Amendment and the pertinent implications of 28 U.S.C. § 2283.

Upon consideration of the materials already mentioned, as well as supplemental briefs filed by the parties, the Court reached certain conclusions. The Education of the Handicapped Act (EHA), 20 U.S.C. § 1400 *et seq.*, creates a right, enforceable in federal court, to the free appropriate public education required by the statute. *Smith v. Robinson*, 468 U.S. 992, 1002 n. 6, 104 S.Ct. 3457, 3463 n. 6, 82 L.Ed.2d 746 (1984). If the right has been established with a favorable final administrative decision, and if the EHA is not available to enforce the right, 42 U.S.C. § 1983 provides an avenue for enforcement. *Robinson v. Pinderhughes*, 810 F.2d 1270 (4th Cir.1987). Therefore, the Court concluded that the Complaint sufficiently alleged a cause of action within federal subject matter jurisdiction, and so ruled in its Order of December 3, 1987.

After commencement of the hearing on December 11, 1987, this Court read into the record the stipulations of the parties. Among the stipulations were that the State of Oklahoma has established a plan pursuant to the mandate of the EHA for the evaluation and placement of handicapped children, and that the Wagoner Independent School District I–19 receives federal funds pursuant to the EHA. The sole witness at the hearing on December 11, 1987, a member of the placement team, stated that the placement team had determined that the child was handicapped within the terms of the EHA. The witness also indicated that the placement team considered the totality of the child's condition, including the fact that he had tested HIV positive, in the recommendation to admit. The Court stated in its prior Order that because the school board and the child's parents were in agreement on placement, there was no "aggrieved party" under the EHA. The testimony at the December 11, 1987 hearing establishes that the decision made on October 21, 1987, to adopt the placement team's recommendation was a final administrative decision under the procedure established by the EHA. The Court therefore denied any attempt by the Group III defendants (the Concerned Parents Association and others) to admit evidence regarding contagiousness of AIDS, or that the placement decision was erroneous. To permit a hearing on such evidence would be to relitigate the final administrative order to which no party objected. In such an administrative process, the State of Oklahoma stands in the place of, for example, a group such as the Concerned Parents Association. It would render the administrative procedure established by Congress superfluous to permit such relitigation. Because it has been established that the child is handicapped for EHA purposes because of his emotional disability, this Court need not address the issue of whether AIDS constitutes such a handicap.

The Concerned Parents Association sought to bar the child from school on the basis of a state law regarding contagious diseases. However, when a state accepts federal funding, it accepts limitations or restrictions on state statutes or regulations which conflict with the federal statutes. *See, e.g., Planned Parenthood Ass'n of Utah v. Dandoy*, 810 F.2d 984, 988 (10th Cir.1987). *Cf. Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (Relief available under 42 U.S.C. § 1983 where state denied AFDC benefits). Therefore, under the circumstances of this case, the Court concludes that the final administrative order must be enforced.

The Court finds authority for its implementation Order in *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705

(1972) which holds that 42 U.S.C. § 1983 is an expressly authorized exception to 28 U.S.C. § 2283. The temporary restraining order entered by the state court constitutes state action for purposes of § 1983. *See Henry v. First National Bank of Clarksdale,* 595 F.2d 291, 299 (5th Cir.1979), *cert. denied sub nom. Claiborne Hardware Co. v. Henry,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Gresham Park Community Organization v. Howell,* 652 F.2d 1227, 1239 & n. 31 (5th Cir.1981); *Paisey v. Vitale,* 807 F.2d 889, 894 (11th Cir.1986).