The BOARD OF EDUCATION OF the COUNTY OF CABELL, a statutory corporation, Plaintiff–Appellant,

W. Thomas McNeel, State Superintendent of Schools, Plaintiff–Appellee,

and

Kendall Hall, President, West Virginia Board of Education, Plaintiff,

v.

Paul DIENELT; Gary Dienelt; Cynthia Dienelt, Defendants–Appellees.

No. 87–1083.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1988.

Decided April 7, 1988.

James Allan Colburn (Baer, Robinson & Colburn, Huntington, W.Va., Marianne K. Hoover, Deputy Atty. Gen., Stephen D. Herndon, Asst. Atty. Gen., Brentz Thompson, Charleston, W.Va., on brief), for plaintiff-appellant.

Williams F. Byrne (Stone, Gallagher & Byrne, on brief), for defendants-appellees.

Before WIDENER and WILKINSON, Circuit Judges, and BULLOCK, United States District Judge for the Middle

District of North Carolina, sitting by designation.

## PER CURIAM:

The Cabell County Board of Education (the "Board") appeals from the decision of the district court entered on April 6, 1987, which held that the Board had failed to provide a free and appropriate public education for Paul Dienelt as required by the Education of the Handicapped Act ("EHA"), 20 U.S.C. §§ 1400–1485 (1978 & Supp.1987). A corresponding judgment ordered the Board to reimburse the Dienelts for $67,838.32 in tuition and related expenses of placing Paul in a private school. Finding no merit in any of the arguments raised by the Board, we affirm.

Paul Dienelt is a learning-disabled child who was educated in the Cabell County public schools for seven years. In the spring of 1984 his parents became dissatisfied with his progress, hired a psychologist and an educational expert to evaluate him, and refused to accept the standard individual educational program ("IEP") suggested by his teacher. After an unsatisfactory meeting with school officials on September 6, 1984, the Dienelts obtained a loan, placed Paul in a private school, and initiated the complaint process outlined in 20 U.S.C. § 1415. This process culminated in the opinion and judgment now on review. The trial court found that, due to grievous procedural defects, the Board had failed to provide Paul with a free and appropriate public education ("FAPE"). The court further found that private placement was appropriate; therefore it awarded reimbursement for the costs of this placement.

■ The Board first argues that the Deinelts' appeals under 20 U.S.C. § 1415 are untimely because they waited approximately ten months before appealing from the due process hearing to the state educational agency. Despite the fact that in 1985 there was no statute of limitations or

other time limit restricting this phase of the appellate process, the Board believes that such delay should bar the Dienelts' claim.[1]

We believe that the retroactive imposition of a time limitation would be unfair and contrary to the goals of the EHA. *See generally Schimmel by Schimmel v. Spillane*, 819 F.2d 477, 482–83 (4th Cir.1987). The Board cites *Thomas v. Staats*, 633 F.Supp. 797 (S.D.W.Va.1985), but the *Thomas* court also refused to engage in a "'post hoc application of a nonobvious time bar.'" 633 F.Supp. at 807 (quoting *Tokarcik v. Forest Hills School Dist.*, 665 F.2d 443, 454 [3d Cir.1981], *cert. denied*, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 [1982]). Accordingly, we hold that the Dienelts' delay does not prohibit their recovery.

■ Relying on *Robinson v. Pinderhughes*, 810 F.2d 1270 (4th Cir.1987), the Board next argues that since the Dienelts received partial reimbursement from the state educational agency they are not an "aggrieved party" for further appeal as required by 20 U.S.C. § 1415(e)(2). The mere statement of this argument exposes it as meritless. The State decision did not compensate the Dienelts for tuition incurred prior to March 1985, nor did it reimburse them for room, board, travel expenses, or interest on their loan. These shortcomings qualify the Dienelts as "aggrieved parties." To the extent *Robinson* is apposite, the obvious distinctions between it and the present case support the Dienelts, not the Board.

■ The Board's primary claim is that the procedural defects found by the district court are insufficient to prove that it failed to provide Paul with a FAPE. We strongly disagree. The district court's factual findings, which are well supported in the record and unquestioned on appeal, estab-

---

1. The State adopted a four-month statute of limitations for such appeals effective July 1, 1987. West Virginia Department of Education Regulations for the Education of Exceptional Students, § 3.1 I.1. Nonetheless, the Board asserted that this court should impose a thirty-day time limit, a position we reject.

lish that the Cabell County schools did not conduct a required multi-disciplinary review for Paul in the spring of 1984. Further, the public schools did not conduct a placement advisory committee meeting or otherwise adequately involve the Dienelts in the preparation of Paul's proposed IEP. As a result, the Board utterly failed to determine the special educational needs of Paul Dienelt or to provide him with an adequate IEP. Under *Hendrick Hudson Dist. Bd. of Educ. v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), and *Hall v. Vance,* 774 F.2d 629 (4th Cir.1985), "failures to meet the Act's procedural requirements are adequate grounds by themselves for holding that the school board failed to provide [Paul] a FAPE." *Hall,* 774 F.2d at 635. The district court was entirely correct in concluding that the Board had failed to provide Paul with a FAPE and in ordering reimbursement for an appropriate education.

Finally, the Board asserts that, since the Dienelts began acting in an adversarial fashion in the spring of 1984, a balance of the equities should prohibit their recovery. Aside from the legal dubiousness of this argument, our review of the record indicates that the Dienelts acted as concerned and responsible parents facing poor results from the public schools. Any uncooperativeness on their part was matched by similar conduct by the Board.

Since we find that the district court acted properly in all respects, its decision and judgment are affirmed.

AFFIRMED.