**J.D., individually and as parent and natural guardian of T.D.F., a minor, Plaintiff,**

v.

**MANATEE COUNTY SCHOOL BOARD, Roger Dearing, Jackie Featherston, Vicki Stelzer, Vanzetta Thomas and Len Tabicman, Defendants.**

No. 8:04–CV–1541–T–27TGW.

United States District Court, M.D. Florida, Tampa Division.

Oct. 8, 2004.

Timothy W. Weber of St. Petersburg, FL, for Plaintiff, J.D.

Thomas M. Gonzalez of Tampa, Florida and Allison Rehmeyer of Bradenton, FL, for the Defendants, School Board.

### ORDER

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiff's Motion for Preliminary Injunction (Dkt. 3), Defendants' Response in Opposition (Dkt. 8), Defendants' Memorandum of Law Regarding the Court's Lack of Subject Matter Jurisdiction to Hear Plaintiff's Motion for Preliminary Injunction (Dkt. 18) and Plaintiff's Memorandum of Law regarding The Court's Subject Matter Jurisdiction to Hear Plaintiff's Motion for Preliminary Injunction (Dkt. 19). The Court heard argument on September 23, 2004.

Plaintiff, on behalf of her minor child ("TDF"), initiated a due process hearing against the Manatee County School Board before the Florida Division of Administrative Hearings, alleging that the Board wrongfully refused to qualify TDF as a child with a disability within the meaning of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq* ("IDEA"). After a four day hearing, the Administrative Law Judge ("ALJ") found that TDF was a child with a disability under the IDEA and entitled to its protections. The ALJ ordered Defendant to develop an Individualized Educational Program ("IEP") for TDF. The Board has appealed the ALJ's decision, case no: 04–CV–1539–T–27MSS.

In this action, Plaintiff seeks a preliminary injunction pursuant to 42 U.S.C. § 1983 directing the Board to immediately develop an IEP and establish a special education placement. Plaintiff contends that the ALJ's determination that TDF is entitled to an IEP is enforceable pursuant to the "stay-put" provision of the IDEA, 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.514. Plaintiff also seeks tuition reimbursement resulting from the Board's alleged failure to promptly effect TDF's rights. In response, Defendant contends this Court lacks subject matter jurisdiction to grant preliminary injunctive relief under the "stay-put" provision of the IDEA. Alternatively, Defendant contends Plaintiff is not entitled to relief under 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.514.

## DISCUSSION

### 1. Subject Matter Jurisdiction

 In Count VI of the Complaint, Plaintiff alleges that the Defendants, acting under color of state law, deprived TDF of his rights and privileges under the IDEA, including procedural rights, the right to an IEP, the right to a free public education and the right to enjoy the benefits of the ALJ's decision, in violation of 42 U.S.C. § 1983. (Dkt. 1, § 112). This Court has jurisdiction to entertain suits for equitable relief under 42 U.S.C. § 1983. *See Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Section 1983 is available as a remedy when a state refuses to grant benefits provided by federal law, including the right to enforce 20 U.S.C. § 1415(j). *See Robinson v. Pinderhughes,* 810 F.2d 1270, 1272 (4th Cir. 1987). Accordingly, this Court has subject matter jurisdiction to consider Plaintiff's motion for preliminary injunction. To the extent Defendants contend that TDF has no enforceable "right" to an IDEA stay-put placement under § 1983, that contention goes to the merits of Plaintiff's claim rather than this Court's subject matter jurisdiction pursuant to § 1983.

### 2. Entitlement to relief under the "stay-put" provision

The provisions of 20 U.S.C. § 1415(j) (commonly referred to as the "stayput" provision) and 34 C.F.R. § 300.514 govern the status of a child during administrative and judicial proceedings brought pursuant to the IDEA. Section 1415 provides:

Maintenance of current educational placement. Except as provided in subsection (k)(7), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

Section 300.514 provides:
Child's status during proceedings.

(a) Except as provided in § 300.526, during the pendency of any administrative or judicial proceeding regarding a complaint under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

. . . . .

(c) If the decision of a hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State or local agency and the parents for purposes of paragraph (a) of this section.

Under the 'stay-put' provision of the Act, the child must remain in the child's "current educational placement" pending appeal, "unless the State or local educational agency and the parents . . . otherwise agree." Plaintiff contends that the ALJ's determination that TDF is eligible for special education constitutes an agreement between the Board and Plaintiff on the current educational placement of TDF under § 300.514(c), thereby entitling TDF to stay-put protection during the pendency of the Board's appeal, pursuant to 34 C.F.R. § 300.514(a) and 20 U.S.C. § 1415(j). Plaintiff contends, therefore, that the Board is obligated to develop an IEP for TDF during the pendency of its appeal, as a stay-put measure.

 The issue presented is whether the ALJ's determination that TDF is eligible

for an IEP constitutes an agreement between the Board and TDF's parent "that a change in placement is appropriate", for purposes of stay-put protection. Neither the IDEA nor the CFRs define "placement". Plaintiff cites no authority equating "placement" with a determination that a child is "eligible" for an IEP.[1] Accordingly, the statutory term must be given its ordinary meaning. *See Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 115 S.Ct. 788, 130 L.Ed.2d 682 (1995).

Section 1415(j) provides that unless the local educational agency and the parents otherwise agree, the "child shall remain in the then-current educational *placement* of such child" during the pendency of any proceedings. (emphasis added). Section 300.514(a) provides that "during the pendency of any administrative or judicial proceeding ... the child must remain in his or her current educational *placement*." (emphasis added). Section 300.514(c) provides that if an ALJ "agrees with the child's parents that a *change of placement* is appropriate, that *placement* must be treated as an agreement between the State or local agency and the parents ..." (emphasis added). Each of these provisions provides stay-put protection expressly for the child's "placement".

Defendant argues that absent a decision on "placement" by the ALJ, there is no "current educational placement" which would activate the stay-put provision. This Court agrees. The plain language of § 300.514(c), for example, requires an agreement between the ALJ and the parents on the child's "placement" before a change in placement can be enforced pursuant to the stay-put provision. Here, the ALJ only determined that TDF was eligible for special education and directed the Board to develop an IEP. The ALJ did not make a "placement" determination which would otherwise have activated the stay-put protection Plaintiff seeks in this case. Accordingly, the decision of the ALJ that TDF is eligible for an IEP does not constitute an "agreement" between the Board and the child's parent "that a *change of placement* is appropriate". Therefore, the stay-put provision under § 300.514(c) does not apply. (emphasis added)

■ In this case, as distinguished from the cases cited by the parties, no IEP is in place. The stay-put provision applies only to services included in a child's IEP. *See Cordrey v. Euckert*, 917 F.2d 1460,1468 (6th Cir.1990), *cert. denied*, 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991). In order to qualify for stay-put protection, Plaintiff "must identify a detrimental change in the elements of an educational program." *See Tennessee Dept. of Mental Health and Mental Retardation v. Paul B.*, 88 F.3d 1466,1474 (6th Cir.1996) (citing *Lunceford v. D.C. Board of Educ.*, 745 F.2d 1577, 1582 (D.C.Cir.1984)). Here, Plaintiff cannot identify a change in TDF's educational program qualifying for stay-put protection since there is no such program in place.

Absent a decision by the ALJ that a change in placement is appropriate, the plain language of the IDEA and the Code of Federal Regulations require that TDF "remain in [his] then-current educational placement", which is his regular classroom.[2] Accordingly, the Board is not obli-

1. In support of Plaintiff's motion for injunctive relief, she cites numerous cases in which injunctive relief has been granted and a *placement* determination by an ALJ has been enforced pending judicial review. Significantly, none of those cases involved an *eligibility* determination by the ALJ.

2. During oral argument, the parties advised the Court that TDF has been withdrawn from public school by Plaintiff and is currently being home schooled.

gated to provide TDF with an IEP while it appeals the ALJ's decision. Finally, Plaintiff is not entitled to reimbursement of tuition she allegedly would have been entitled to under Florida law due to the Board's refusal to develop an IEP for TDF. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Dkt. 3) is **DENIED**.