Ben W. PRESCOTT, Plaintiff,

v.

PALOS VERDES PENINSULA UNIFIED SCHOOL DISTRICT, Defendant.

No. CV 87-1576-DT (Bx).

United States District Court, C.D. California.

May 12, 1987.

---

Valerie Vanaman, Newman, Aaronson, Krekorian & Vanaman, Sherman Oaks, Cal., for plaintiff.

Larry J. Frierson, Liebert, Cassidy & Frierson, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

TEVRIZIAN, District Judge.

*Facts*

This action seeks an award of reasonable attorney's fees and costs pursuant to recently enacted amendments to the Education of All Handicapped Children Act (EHA) (20 U.S.C. section 1400 *et seq.*).

A review of the complaint discloses the following pertinent facts. This action arises out of a disagreement between Plaintiff, Ben Prescott, and Defendant, Palos Verdes Peninsula Unified School District, as to the appropriate educational arrangements for Prescott's handicapped school aged daughter. The parties were unable to agree on an appropriate program for the student, and Plaintiff sought an administrative hearing under the EHA.

By an administrative decision entered on 11/19/86, the state administrative hearing officer granted Plaintiff the relief he sought. Defendant complied with the hearing officer's decision and did not appeal it.

However, Defendant refused Plaintiff's request for payment of the reasonable attorney's fees Plaintiff had incurred in obtaining the administrative relief. This action for attorney's fees and costs followed.

Defendant now moves to dismiss the action on the grounds that this court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted pursuant to F.R. Civ.P. 12(b)(1) and (b)(6) respectively. Specifically, Defendant asserts that the Education of All Handicapped Children Act does not authorize a party who prevailed at a state administrative hearing under the Act to bring an action in federal court for the sole purpose of obtaining an award of attorney's fees and costs.

Plaintiff opposes the present motion and asserts that the legislative history of the Act and other authorities indicate that the Act authorizes Plaintiff's suit to obtain attorney's fees.

*Discussion*

Title 20 U.S.C. section 1415 provides the procedures by which parents or guardians of handicapped students may pursue disputes with school officials concerning educational arrangements. Section 1415, subpart (b)(2) entitles the parent or guardian disputing such arrangements to a due process administrative hearing before a state or local educational agency. Section 1415, subsection (c) provides for review of a local decision by a state educational agency, and subsection (e) provides for appeals to state court or U.S. District Court.[1]

---

1. Section 1415(e) reads in relevant part:

   "(1) A decision made in a hearing conducted pursuant to paragraph (2) of subsection (b) of this section shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (c) and paragraph (2) of this subsection. A decision made under subsection (c) of this section shall be final, except that any party

   may bring an action under paragraph (2) of this subsection."

   "(2) Any party aggrieved by the findings and decision made under subsection (b) of this section who does not have the right to an appeal under subsection (c) of this section, any any party aggrieved by the findings and decision under subsection (c) of this section, shall have the right to bring a civil action with respect to the complaint presented pursuant

Section 1415(e)(4)(B) provides for attorney's fees and reads as follows:

"In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."

A review of the language of this provision is not conclusive as to whether a parent or guardian may recover attorney's fees incurred solely from an administrative hearing. First, the words, "action or proceeding" in Section 1415(e)(4)(B) may mean both judicial actions and administrative proceedings. Section 1415, subsection (e) expressly provides for civil actions for judicial review of administrative actions. Subsection (e), paragraphs (1) and (2) refer to judicial review of state administrative decisions. However, administrative proceedings appear to be included within section 1415(e). Specifically, subsection (e) paragraph (1), contains references to subsection (b), paragraph (2) and subsection (c). These references are to a right of review by a state educational agency of the local agency decision. Thus, it is reasonable to read "action or proceeding" as referring to judicial actions and administrative proceedings.

Defendant argues that the language, "party aggrieved" of subsection (e) paragraph (2) qualifies the language and meaning of subsection (e) and suggests that a judicial action may not be maintained solely for attorney's fees incurred in administrative proceedings.[2] However, the effect of the language, "party aggrieved" is not dispositive as Defendant claims in view of the later amendments of subsection (e) paragraph (4) adding attorney's fees provisions.

In short, the statutory language of section 1415 is not conclusive as to whether a parent or guardian may recover attorney's fees incurred solely from an administrative hearing. However, the legislative history of this provision indicates that attorney's fees incurred solely from administrative proceedings under the EHA may be recovered, and this view has been taken by a Department of Education Opinion letter and two recent district court decisions.

I. The Legislative History of the Attorney's Fees Provision, Section 1415(e)(4)(B).

The recorded House of Representatives discussion of the attorney's fees provision ultimately codified as section 1415(e)(4)(B) contains several express acknowledgements that attorney's fees and costs incurred from administrative hearings are recoverable under the statute.

Representative Williams stated that the attorney's fees provision:

"amends part B of EHA [Education Handicap Act] to provide that a parent or guardian of a handicapped child who prevails against a school district or State educational agency in a civil action in Federal or State court, or an administrative proceeding such as a due process hearing or State appeal, may be awarded reasonable attorney's fees, costs and expenses by the court." 131 CONG.REC.

---

to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy...."

**2.** In support of this argument, Defendant cites *Robinson v. Pinderhughes,* 810 F.2d 1270 (4th Cir.1987). In *Robinson,* a handicapped child and his mother sued the Baltimore city schools superintendant under 42 U.S.C. section 1983, under the EHA (20 U.S.C. section 1415), and state law. A local hearing officer had rendered a decision favorable to Plaintiffs but the school system had failed to implement that decision within the time limits set. Plaintiffs had not filed any administrative appeal.

The Court of Appeals upheld the trial court dismissal of the EHA claim. The Court of Appeals concluded that Plaintiffs had not failed to exhaust administrative remedies because they had a final administrative decision which was not appealed from. However, the Court of Appeals found that Plaintiffs could maintain their action under the EHA because Plaintiffs were not aggrieved parties within the meaning of the statute. 810 F.2d at 1273, 1275.

The reasoning of *Robinson* does not control this case because, unlike *Robinson,* this case does not seek to enforce an administrative order but instead only seeks attorney's fees incurred from an administrative hearing.

H9966 (daily ed. November 12, 1985) (statement of Rep. Williams).

Representative Bartlett also expressly acknowledged that the bill contained such a provision in stating:

"Under H.R. 1523, for the first time, parents who retain an attorney for work conducted at the administrative hearing level will be able to recover fees if they prevail at the hearing, even if the issue does not go to court."

131 CONG.REC. H9967 (November 12, 1985) (statement of Rep. Bartlett).

Representative Bartlett also made similar statements in the Senate-House Conference Committee report on the legislation ultimately passed and signed into law. See 132 CONG.REC. H4842 (July 24, 1986). Representative Jeffords also expressly acknowledged this feature. 132 CONG.REC. H4844.

Senate consideration of Bill S. 415 (the Senate counterpart to the House Bill), similarly indicates that the Senate intended the Act to allow an award of attorney's fees for counsel's work at an administrative hearing. Senator Simon explained the attorney's fees provision of the bill and expressly acknowledged the bill's: "inclusion of the right to reimbursement for fees incurred during the administrative process...." 131 CONG.REC. S10400 (daily ed. July 30, 1985).[3]

Further, the Senate Labor and Human Resources Committee Report states in pertinent part: "The committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative hearings." S.REP. No. 99–112, 99th Congress, 1st Session, 14, *reprinted in* 1986 U.S.CODE CONG. & ADMIN.NEWS 1798, 1804.

In short, the legislative history of 20 U.S.C. section 1415(e)(4)(B) indicates that the statute allows a separate action for attorney's fees.

## II.  Other Authorities.

Two recent U.S. District Court decisions facing the same legal issue as that presented in this case have both concluded that parents prevailing in an administrative hearing could subsequently seek attorney's fees in an independent suit. This view is also taken by a Department of Education Opinion letter.

---

**3.** Defendant asserts that *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), decided after the EHA attorney's fees provision was enacted, indicates that Plaintiff may not maintain this action. Specifically, Defendant points out that *Crest Street* rejected certain dicta in *Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), which Congress referred to in discussing the effect of section 1415(e)(4)(B).

In *Crest Street,* the Supreme Court faced the question of whether a court could award attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. section 1988, in a separate federal suit not seeking to enforce any civil rights laws listed in section 1988 but seeking solely to recover attorney's fees. The Supreme Court found that the language and legislative history of section 1988 indicated that an award of attorney's fees under section 1988 was only available as part of a judicial proceeding to enforce the civil rights laws listed in section 1988. 107 S.Ct. 340, 341. The Supreme Court majority in *Crest Street* expressly rejected dicta in *Gaslight Club v. Carey* which suggested that authorizing attorney's fee awards only by a court in an action to enforce listed civil rights would be anomolous. 107 S.Ct. at 341.

Defendant's argument concerning the effect of *Crest Street* lacks merit for several reasons. First, the statutory language of the two attorney's fees provisions differs in that the wording of section 1415(e)(4)(B) is less narrow than that of section 1988. Section 1415(e)(4)(B) refers to "any action or proceeding brought under this subsection" while section 1988 refers to "any action or proceeding to enforce a provision of sections 1981, 1982, 1983 ...."

Second, unlike the legislative history of section 1988, the legislative history of section 1415(e)(4)(B) indicates Congressional intent that attorney's fees incurred at the administrative level may be recovered in an independant action.

Third, the dicta of *Carey* which indicated that one could sue under Title VII solely for an award of attorney's fees for legal work done in state and local proceedings, was clearly the view adopted by Congress as its intent for the operation of section 1415(e) notwithstanding *Crest Street's* subsequent rejection of dicta to that effect in *Carey.* See H.R. Rep. 99–296, 99th Cong., 1st Sess. 5 (Oct. 2, 1985); S.Rep. No. 99–112, 99th Cong., 2d Sess. 14; 131 CONG.REC. S10400 (July 30, 1985) (remarks of Sen. Simon).

In *Michael F. v. Cambridge School Department*, No. 86–2532–C (D.Mass. March 5, 1987) (WESTLAW, District Court file), the district court denied a motion to dismiss an action brought under section 1415(e)(4)(B). In so holding, the district court thoroughly analyzed the statutory language of section 1415 and the legislative history of section 1415(e)(4)(B), the relevant attorney's fees provision of the EHA. The court in *Michael F.* also found that the recent U.S. Supreme Court case of *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* —— U.S. ——, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) was not controlling on the issue of attorney's fees.

Similarly, in *Burpee v. Manchester School District,* No. 86–532–D (D.N.H. Feb. 12, 1987), the district court denied a consolidated motion by Defendants to dismiss suits by parents under section 1415(e)(4)(B) to recover attorney's fees the parents incurred in prevailing at administrative hearings. The court examined the statutory language of section 1415(e) and also found that *Crest Street, supra,* did not preclude such suits.

Also, an EHA policy letter authored by the Director of the Office of Special Educational Programs of the U.S. Department of Education, analyzes the legislative history of the Act and concludes that a plaintiff who prevails at the administrative "due process" level may file a law suit for the limited purpose of reasonable attorney's fees, costs, and expenses.[4]

This court therefore denies the present motion to dismiss and finds that section 1415(e) permits the instant action seeking to recover reasonable attorney's fees incurred from an administrative hearing.

---

4. Letter of G. Thomas Bellamy, Director, Office of Special Education Programs, of the Office of the Assistant Secretary for Special Education and Rehabilitative Services, of the U.S. Department of Education, *summarized in* EHLR supplement No. 184, at 211:425 (January 16, 1987).