**KRISTI W. by next friend G. RUSSELL W. and Mrs. G. Russell W., Plaintiffs,**

v.

**GRAHAM INDEPENDENT SCHOOL DISTRICT, Defendant.**

No. CA-7-87-11.

United States District Court, N.D. Texas, Wichita Falls Division.

July 1, 1987.

---

**13.** *Transamerica Corp. v. Transfer Planning,* *Inc.,* 419 F.Supp. 1261, 1264 (S.D.N.Y.1976).

David W. Knight, David G. Gossom, Gossom, Cotton & Knight, Wichita Falls, Tex., for plaintiffs.

Earl Luna, Dallas, Tex., for defendant.

## ORDER

MARY LOU ROBINSON, Judge.

Before the Court is Plaintiffs' application for costs and attorney's fees and Defendant's motion to dismiss Plaintiff's application. This action arises out of a disagreement between the parents of Kristi W. and the Graham Independent School District over the appropriate educational arrangements for Kristi, who is a school-aged handicapped child.

An admission, review and dismissal committee (ARD) met on April 28, 1986, and developed an individualized education program (IEP) for Kristi. The IEP provided the following curriculum for Kristi: 1) she is to be placed in regular education classes in science and social studies; 2) she is to be placed in special education classes in language arts, math, health, fine arts and physical education; and 3) she is to have related services of physical therapy, occupational therapy, speech therapy and supplemental aids.

On May 23, 1986, Kristi's parents appealed the ARD decision to Commissioner W.N. Kirby of the Texas Education Agency and requested a hearing. The points disputed were as follows: 1) the physical therapy program; 2) scheduling additional regular education classes as opposed to special education classes; 3) continued employment of an outside consultant; 4) purchasing a specific type of computer as recommended by the outside consultant; and 5) modifications and supplementary aids to allow better functional abilities and to enhance Kristi's classroom participation.

A hearing was held on July 24–25, 1986, before an impartial hearing officer that was appointed by the Texas Education Agency. He made findings of fact and conclusions of law and entered an order. The order left intact the physical and occupational therapy program as set out by the ARD. The order requires the school district to place Kristi in regular education classes in science, social studies, language arts, health, and fine arts, and leaves her in special education classes in math and physical education. The order further requires the school district to provide modifications and aids when and where necessary for Kristi to benefit educationally. The order omits any ruling on the employment of the outside consultant and the purchase of the computer.

Plaintiffs argue in their application that because they prevailed at the administrative hearing, they are entitled to attorney's fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B). Plaintiffs ask for $8,500 in attorney's fees and for $1,706.58 in costs at the administrative hearing plus costs incurred in filing the application that is now before the Court.

In its motion to dismiss, Defendant asserts three grounds: 1) this Court lacks jurisdiction to hear the application because

Plaintiffs have no original complaint pending in this Court; instead, Plaintiffs have filed only an application for attorney's fees without asking the Court to decide the merits of their dispute with the school district, and 20 U.S.C. § 1415(e) requires that an original action be filed in the United States District Court before the attorney's fees provision of § 1415(e)(4)(B) applies; 2) Plaintiffs have not exhausted their state administrative remedies; and 3) Plaintiffs were not the prevailing party and thus are not entitled to attorney's fees and costs under § 1415(e)(4)(B).

Section 1415(e)(4)(B), which is a recent amendment to the Education of All Handicapped Children (EHA), states:

"In any action or proceeding brought under this subsection, the Court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."

## I. JURISDICTION TO HEAR THE APPLICATION FOR ATTORNEY'S FEES

■ Defendant asserts that before this Court has jurisdiction over the application for attorney's fees, Plaintiff must file an original complaint that would put the merits of the dispute before the Court. Thus, Defendant continues, this Court has no jurisdiction because Plaintiffs only are seeking attorney's fees for the work done at the administrative level.

Section 1415(e)(4)(B) allows attorney's fees to prevailing parents or guardians in any "action or proceeding" brought under this subsection. Although "action or proceeding" is not expressly defined, § 1415(e)(4)(D), which limits the award of attorney's fees where settlement offers are made, states: "or, in the case of an *administrative proceeding* ..." (emphasis added). Thus, § 1415(e)(4)(B) appears to encompass administrative hearings within the terms "action or proceedings."

Several other District Court opinions have reached the conclusion that an award of attorney's fees for work done at the administrative level is proper where the underlying merits never reach the Court. In particular, in *Prescott v. Palos Verdes Peninsula Unified School District*, 659 F.Supp. 921 (1987), the Court analyzed the language of the statute and ruled that while the language of the statute is not conclusive as to whether a prevailing parent can recover attorney's fees solely for work done at the administrative level, the legislative history compels the conclusion that such an award of fees is what Congress intended. *Id.* 923–24; *accord Michael F. v. Cambridge School Dep't*, C.A. No. 86–2532–C (D.Mass. March 5, 1987) [Available on WESTLAW, DCT database]; *Burpee v. Manchester School Dist.*, C.A. Nos. 86–531–D & 86–532–D (D.N.H. February 12, 1987); *but cf. Rollison v. Biggs*, 660 F.Supp. 875 (D.Del.1987) (reaches opposite result relying in part on other portions of the legislative history).

*Prescott* further cited an EHA policy letter that was written by the Director of the Office of Special Education Programs of the U.S. Department of Education, which also concludes that recovery of attorney's fees for work done at the administrative level may be properly before a Court without the underlying merits having to be considered. *Prescott* at 925.

Relying on the language of § 1415(e)(4)(B), which states "any action or proceeding" and the language of § 1415(e)(4)(D), which states "or, in the case of an administrative proceeding ..." and on the careful analysis of *Prescott*, this Court concludes that Plaintiffs' application for attorney's fees for the work done at the administrative level is properly before this Court despite the fact that the underlying merits of their claim is not under consideration. Accordingly, Defendant's motion to dismiss on this ground is denied.

## II. EXHAUSTION OF STATE ADMINISTRATIVE REMEDIES

■ Defendant's second ground for dismissal is that Plaintiffs have failed to exhaust their administrative remedies. Defendants argue that Plaintiffs did not request a rehearing within 15 days of the

rendering of the hearing officer's opinion, which is a prerequisite to administrative appeal under Texas Revised Civil Statutes Annotated article 6252–13a, § 16(e), and thus, the opinion is final. Moreover, Defendants argue, the opinion did not award Plaintiffs' attorney's fees, and thus Plaintiffs are not entitled to attorney's fees.

Defendant's argument is specious. Although the general rule in EHA cases is that a party must exhaust its administrative remedies before filing suit in Federal Court, *See Riley v. Ambach*, 668 F.2d 635, 640 (2nd Cir.1981), there is no provision in Texas for attorney's fees in relation to ARD hearings. Thus, the present application is Plaintiff's first opportunity to seek attorney's fees. Apart from the fact that Texas law does not authorize an award of attorney's fees for an administrative appeal of an ARD decision, there is no indication that Plaintiffs are appealing the hearing officer's opinion. It is axiomatic that one need not exhaust administrative remedies if one is not appealing anything. Accordingly, Defendant's motion to dismiss on the ground of failure to exhaust remedies is denied.

## III. PREVAILING PARTY

 Plaintiffs asked the Commissioner of Education to address five points at the hearing. The impartial hearing officer affirmed the ARD on one point, ruled for the Plaintiffs on two points and omitted ruling on two points. Because the amendment to § 1415 that provides for awards of attorney's fees is so recent, the Fifth Circuit has not as yet articulated a test to determine who is the prevailing party. It has however, stated the test for determining prevailing party status in civil rights cases.

"In this circuit the test for prevailing party status is whether the plaintiff prevailed on the central issue by acquiring the primary relief sought." *Simien v. City of San Antonio*, 809 F.2d 255, 258 (5th Cir. 1987) *citing Commonwealth Oil Refining Co., Inc. v. E.E.O.C.*, 720 F.2d 1383, 1385 (5th Cir.1983); *Iranian Students Ass'n v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979).

The congressional statement of the purpose of the EHA states in pertinent part: "It is the purpose of this chapter to assure that all handicapped children have available to them, ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, ..." 20 U.S.C. § 1400. Kristi's parents appealed to the Commissioner of Education because they did not agree with the ARD because they had several concerns about Kristi's educational program. The impartial hearing officer conducted a two-day hearing and wrote findings of fact and conclusions of law and entered an order that was tailored to Kristi's situation. The order made significant changes in her educational program as compared to the program that was laid out in the ARD. Kristi's parents have not appealed the hearing officer's order.

The central issue in the appeal to the Commissioner of Education was that the program set forth in the ARD did not adequately meet Kristi's unique needs. The hearing officer's order made changes of substance in that program. It appears that Kristi's parents acquired the primary relief sought. Accordingly, they are the prevailing party and Defendant's motion to dismiss on this ground is denied.

## IV. PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES

 Although Plaintiffs have asked for $8,500 in attorney's fees, they have failed to provide the Court with an itemized accounting that shows how they arrived at that figure, and with a description of the kind and quality of the services rendered and with a description of the prevailing rates in their community for such services. Because of this failure, the Court cannot determine whether the request is reasonable under § 1415(e)(4)(B) or (C). Accordingly, Plaintiffs are ordered to provide this information to the Court and to the Defendant within ten (10) days of this order. Defendant shall have ten (10) days from the date that Plaintiffs filed this information with the Court to file a response.

It is so ORDERED.