Jim CHANG and June Chang on behalf
of their infant son Jason
CHANG, Plaintiff,

v.

BOARD OF EDUCATION OF GLEN
RIDGE TOWNSHIP, Defendant.

Civ. A. No. 88–39.

United States District Court,
D. New Jersey.

May 9, 1988.

Herbert D. Hinkle, Lawrenceville, N.J.,
for plaintiff.

Riker, Danzig, Scherer, Hyland & Perretti by Mark A. Baber, Morristown, N.J., for
defendant.

## OPINION

WOLIN, District Judge.

In the instant action this Court is faced with the narrow question of whether plaintiffs, who prevailed at an administrative hearing, are now entitled to bring a separate action for an award of attorney's fees and expert witness fees incurred in connection with said administrative hearing. For the following reasons, this Court concludes that plaintiff may bring a separate action for fees.

### I. BACKGROUND

The facts are not in dispute. Plaintiffs, Jim and June Chang, are the parents of plaintiff Jason Chang (collectively, the plaintiffs). Jason is a five year-old child who has been classified as pre-school handicapped for purposes of providing him programs and services pursuant to N.J.Stat. Ann. 18A:46–6.1. During the 1986–87 academic year, the defendant, Glen Ridge Board of Education (the "Board"), placed Jason in a pre-school handicapped program operated by the Verona Board of Education at its F.N. Brown School.

The Changs, dissatisfied with the placement of Jason, requested of the Board that he be transferred to the Eden Institute, a private school located in Princeton. The Board denied the Changs' request. Subsequently, the Changs instituted a due process administrative hearing pursuant to the provisions of the Education of All Handicapped Children Act ("EHA"), 20 U.S.C. §§ 1400 et seq.

As required by N.J.A.C. 6:28–27 and N.J.A.C. 1:6A–1 et seq., a hearing was conducted by Administrative Law Judge George P. Perselay on July 10, 1987. On August 14,

Judge Perselay issued his written opinion in which he ordered the Board both to transfer Jason to the Eden Institution and also to reimburse the Changs for tuition and travel expenses incurred by them as a result of Jason's enrollment at Eden in June of 1987. The Board abided Judge Perselay's transfer and reimbursement decision and did not appeal it.

The Changs have now instituted this action in federal court strictly for the purposes of recovering attorney's fees and expert witness fees incurred by them in connection with the administrative hearing. Claiming that the Changs are not entitled to recover those fees because they prevailed completely at the administrative level, the Board now moves for dismissal of the Complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). Subsequently, the Changs have cross-moved for summary judgment pursuant to Fed.R.Civ.P. 56(a); they claim that because they were successful within the meaning of the EHA, they are entitled to fees.

## II. DISCUSSION

As noted, the sole issue presented in this case is whether Congress, in the EHA, intended to permit parents or guardians to recover attorney's fees and expert witness fees when they prevail completely at the administrative level.

### A. *The Statute*

██ The Education for all Handicapped Children Act, 20 U.S.C. §§ 1400 *et seq.*, was originally enacted in 1975. Most simply stated, the goal of the EHA as originally enacted was to "ensure[ ] that handicapped children are given access to public education by providing federal money to assist state and local agencies in educating these handicapped children." *Moore v. District of Columbia,* 666 F.Supp. 263, 264 (D.D.C.1987). Despite the enforcement provisions of the EHA, the statute did not provide for attorney's fees.

Accordingly, the Supreme Court held that attorney's fees were not available to those plaintiffs who prevailed at the administrative level and subsequently brought an independent action for fees under the EHA because:

> Congress did not explain the absence of a provision for a damages remedy and attorney's fees in the EHA. Several references in the statute itself and in its legislative history, however, indicate that the omissions were in response to Congress' awareness of the financial burden already imposed on states by the responsibility of providing education for handicapped children. As noted above, one of the stated purposes of the statute was to relieve this financial burden.

*Smith v. Robinson,* 468 U.S. 992, 1020, 109 S.Ct. 3457, 3473, 82 L.Ed.2d 746 (1984).

Subsequently, and as predicted by the *Smith* dissent,[1] in August 1986, Congress amended the EHA by enacting the Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. §§ 1415(e)(4)–1415(f), the relevant portion of which reads as follows:

> In any action or proceeding brought under this subsection [§ 1415(e) ], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). Thus it appears that by its very terms, the HCPA was enacted by Congress to "reverse[ ] the outcome mandated by *Smith* for plaintiffs asserting claims to enforce rights that attach under the EHA." *Yaris v. Special District of St. Louis County,* 661 F.Supp. 996, 998 (E.D.Mo.1987) (quoting Fontenot v. Louisiana Board of Elementary and Secondary Education, *805 F.2d 1222, 1225 (5th Cir.1986)).*

This Court joins numerous other districts which hold that the plain language of section 1415(e)(4)(B) is unambiguous:

---

**1.** In dissent, Justice Brennan, joined by Justices Marshall and Stevens, noted that the majority's result had eviscerated the EHA and that Congress would have to "revisit" the statute. *Smith v. Robinson,* 468 U.S. at 1031, 104 S.Ct. 3478 (Brennan, J. dissenting).

The statute unquestionably leaves to the case-by-case discretion of the federal district courts the decision whether or not to award attorneys' fees in actions brought to enforce the provisions of the EHA.

*Mathern v. Campbell County Children's Center,* 674 F.Supp, 816, 818 (D.Wyo.1987). *See accord Moore v. District of Columbia, supra,* 666 F.Supp. at 265 ("words of the statute itself support the plaintiffs' position that fees are recoverable for administrative proceedings[ ]") (citations omitted); *Burpee v. Manchester School District,* 661 F.Supp. 731, 732 (D.N.H.1987) ("amendatory provisions of HCPA make clear ... the court in its discretion may award attorney fees for success at either the administrative or the judicial level[ ]").[2]

Not every court which has analyzed the HCPA, has found that the language of section 1415(e)(4)(B) conclusively provides for the ability to recover attorney's fees incurred solely from an administrative hearing. *See, e.g., Prescott v. Palos Verdes Peninsula Unified School District,* 659 F.Supp. 921, 923 (C.D.Cal.1987) ("statutory language of section 1415 is not conclusive as to whether a parent or guardian may recover attorney's fees incurred solely from an administrative hearing[ ]"). *See also Unified School District No. 259 v.*

*Newton,* 673 F.Supp. 418, 420 (D.Kan.1987) (finding an *implication* of entitlement to attorney's fees based on structure of HCPA). These courts, however, have then gone beyond the statute's language to analyze the legislative history of the HCPA, whereupon all but one of them has held that the intent of Congress was to provide for the availability of attorney's fees for work done solely at the administrative level. *E.g., Newton,* 673 F.Supp. at 422; *Prescott,* 659 F.Supp. at 924.[3]

### B. *The Legislative History*

Defendant urges that this Court should interpret the HCPA consistently with other civil rights statutes. Thus, despite the apparent inconsistency of awarding fees to the complainant who is *unsuccessful* at the administrative level, but denying them in the case of a *successful* complainant,[4] *see New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 66, 100 S.Ct. 2025, 2032, 64 L.Ed.2d 723 (1980) (dictum) (noting that this anomalous result would frustrate purpose of Title VII enforcement), defendant points out that the Supreme Court expressly acknowledged the existence of this anomaly for the simple reason that "Congress [wrote] the statute [Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C.

**2.** Although section 1415(e)(4)(B) provides for the award of attorney's fees to prevailing parents or guardians in any "action or proceeding" brought under that section (*i.e.,* section 1415(e)), nowhere are the terms "action or proceeding" defined in the HCPA. However, section 1415(e)(4)(D), which limits the award of attorney's fees where settlement offers are made, specifically addresses the issue of the timing of a settlement offer within the contexts of both civil actions and administrative proceedings. The statute states, in pertinent part, "or, in the case of an administrative proceeding...." Section 1415(e)(4)(D)(i). Thus this court concurs with the conclusion that "section 1415(e)(4)(B) appears to encompass administrative hearings within the terms 'actions or proceedings.'" *Kristi v. Graham Independent School District,* 663 F.Supp. 86, 87 (N.D.Tex. 1987).

**3.** The lone case which has held that plaintiffs may not institute an independent action for attorney's fees for work performed at the administrative level, *Rollison v. Biggs,* 660 F.Supp.

875 (D.Del.1987), is premised on the assumption that "Congress intended that the HCPA be construed consistent with other fee shifting statutes[.]" *Id.* at 877 (citing S.Rep. No. 112, 99th Cong. 1st Sess. 14 (1985) *and* H.R.Rep. No. 296, 99th Cong. 1st Sess. 5 (1985) (*reprinted in* U.S. Code Cong. & Admin.News 1986 pp. 1798, 1804). However, the significance of the *Rollison* decision was minimized in *Newton, supra:*

> The three references to consistent interpretation among fee statutes cited by the *Rollison* court are simply insufficient in scope, detail or context to vitiate the import of the multitude of other passages discussing attorneys' fees at the administrative level.

673 F.Supp. at 423.

**4.** In other words, if a complainant is successful at the administrative level, he must then file a separate action in order to recover fees; however, if unsuccessful at the administrative level, the complainant may appeal the merits of the civil rights action to this Court and then need merely file an additional motion for fees within that appeal.

§ 2000e–5(k) ] that way." [5] *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6, ——, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986). As a result of the *Crest Street* holding which expressly disavows the dicta of *Gaslight Club v. Carey*, an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988,[6] is "only available as part of a judicial proceeding to enforce the civil rights laws listed in section 1988." *Prescott, supra*, 659 F.Supp. at 924 n. 3 (citing *Carey*, 447 U.S. at 68, 100 S.Ct. at 2033).

Defendant maintains that the legislative history of the HCPA indicates the congressional intent of this statute was that its fee provisions be construed identically to other civil rights statutes, including 42 U.S.C. § 1988. This was precisely the argument advanced in *Rollison v. Biggs*, 660 F.Supp. 875, 877 (D.Del.1987), where the court denied plaintiff's motion for reargument for the right to bring an independent action for attorney's fees upon prevailing at an administrative hearing.[7]

The simple answer is that the HCPA and section 1988 of the Civil Rights Act are not analogous statutes precisely for the reason that the latter does not contain a provision for the award of attorney's fees at the administrative level. *See Newton, supra*, 673 F.Supp. at 423 (distinguishing between fee provisions of HCPA and those of other civil rights acts); *Prescott, supra*, 659 F.Supp. at 924 n. 3 (noting distinction between HCPA and civil rights statutes based on plain language and congressional intent to adopt dicta of *Carey* notwithstanding its subsequent rejection in *Crest Street* ).

A more thorough examination of the legislative history reveals that in enacting the HCPA, both the House and Senate specifically addressed the issue of attorney's fees. For example, according to the Senate Labor and Human Resources Committee Report, the congressional intent of the statute was to:

> [A]llow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings. This is consistent with the Committee's position that handicapped children should be provided fee awards on a basis similar to other fee shifting statutes when securing the rights guaranteed to them by the EHA.

S.Rep. No. 99–112, 99th Cong. 1st Sess. 14 (1985) (footnotes omitted) (*reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1804). *See Prescott, supra*, 659 F.Supp. at 924 (noting HCPA's "inclusion of the right to reimbursement for fees incurred during the administrative process....") (quoting 131 Cong.Rec. S10400 (daily ed. July 30, 1985) (statement of Sen. Simon)) (footnote omitted); *School Board of Prince William County v. Malone*, 662 F.Supp. 999, 1001 (E.D.Va.1987) (noting that Senate Labor and Human Resources Committee intended for the HCPA to allow courts, but not hearing officers, discretion to grant counsel fees at EHA administrative proceedings) (quoting S.Rep. No. 99–112, 99th Congress, 2d Sess. 14, (*reprinted in* 1986 U.S. Code Cong. & Admin.News 1798, 1804)).

A similar sentiment was expressed in the House of Representatives. *See Prescott, supra*, 659 F.Supp. at 923 (noting that "reasonable attorneys fees, costs and expenses [may be awarded by] the court") (quoting 131 Cong.Rec. H9966 (daily ed. November 12, 1985)) (other citations omitted). *But see Rollison v. Biggs, supra*,

---

5. Section 706(k) provides:
   In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

6. This statute, similar to section 706(k), provides in pertinent part:

In any action or proceeding to enforce a provision of sections [1981–1986] of this title, Title IX of Public Law 92–318, or Title VI of the Civil Rights Act of 1964, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

7. *See supra* note 3 (discussing significance of *Rollison* ).

660 F.Supp. at 877 (noting that administrative fee provisions in HCPA are identical to those of civil rights acts) (quoting 131 Cong.Rec. H9972 (daily ed. Nov. 12, 1985) (statement of Rep. Williams)).[8] For example, the House Committee on Labor Report states:

> In some actions or proceedings in which the parents or guardians prevail, more than one local or state agency may be named as a respondent. In these cases, it is expected that the court will apportion the award of attorneys' fees based on the relative culpability of the agencies.

*Mathern, supra,* 674 F.Supp. at 818 (quoting H.R.Rep. No. 99–296, 99th Cong., 1st Sess. 6).

It is apparent, therefore, that an analysis of both the plain language of the HCPA and its legislative history compel this Court to find that 20 U.S.C. § 1415(e)(4)(B) allows parties who are victorious at the administrative level to bring an independent action in federal court for attorney's fees.

### C. *Expert Witness Fees*

Upon finding that plaintiffs may bring a separate action for attorney's fees, this Court also finds that plaintiffs may include in their application the amount of expert witness fees expended during the administrative hearing.[9]

### III. CONCLUSION

In light of the foregoing analysis, defendant's motion to dismiss is DENIED. Moreover, plaintiffs' motion for summary judgment is GRANTED IN PART. Because plaintiffs have not yet submitted an affidavit as to the amount of fees incurred by them, this Court has no basis upon which to award reasonable attorney's fees and related costs. Therefore, it is ORDERED that no costs will be awarded to plaintiffs until such time as plaintiffs have submitted proof as to the amount of such costs and the Court has had the opportunity to review same.

Plaintiffs shall submit an order in conformity with this opinion.

---

**8.** It is clear that, when taken out of context, the comments of Representative Williams may be used as support for either side of this argument.

**9.** At oral argument counsel for defendant readily conceded that if this Court were to award attorney's fees, then the award of expert witness fees would also be appropriate.