877 F.2d 932
 54 Ed. Law Rep. 461
 Paige MITTEN, By and Through her father and next friend Alan
MITTEN, and Alan Mitten, Individually, Plaintiffs-Appellants,
v.
MUSCOGEE COUNTY SCHOOL DISTRICT, Muscogee County Board of
Ed., Dr. Braxton Nail, individually in his
capacity as Superintendent, Defendants-Appellees.
 No. 88-8238.
 United States Court of Appeals,
Eleventh Circuit.
 July 20, 1989.
Rehearing Denied Sept. 11, 1989.
 
 1
 Jonathan A. Zimring, Atlanta, Ga., for plaintiffs-appellants.
 
 
 2
 James E. Humes, II, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Middle District of Georgia.
 
 
 4
 Before HATCHETT and CLARK, Circuit Judges, and HOEVELER*, District Judge.
 
 
 5
 HOEVELER, District Judge.
 
 
 6
 In this action, the Court is faced with a question of statutory construction. Specifically, the issues before the Court are whether the appellants were prevailing parties under the Handicapped Children's Protection Act of 1986 ("HCPA" or the "Act"), 20 U.S.C. 1415(e) (1986), and whether they are thereby entitled to statutory attorney's fees. This action was brought by the parents of a mentally retarded child against the Muscogee County School District ("MCSD" or the "school district") on the basis of the result in administrative hearings in which the parents had demanded "free and appropriate"[1] education for their child. Because the appellants were successful in obtaining a free and appropriate education for their child, we hold that they were prevailing parties under the Act. The HCPA, its legislative history and the weight of authority clearly indicate that parties who prevailed at the administrative level are entitled to attorney's fees for all proceedings brought under the Education of the Handicapped Act ("EHA"), 20 U.S.C. section 1415(e) after July 3, 1984. We reverse.
 
 Background
 
 7
 Paige Mitten is a severely handicapped twelve year old child suffering from cerebral palsy, partial blindness and mental retardation. She cannot sit alone, walk, crawl or feed herself, nor is she toilet trained. Paige and her family moved from Texas to Muscogee County in 1985. Paige had been attending public schools in Texas, where the school system had developed an individualized education plan ("IEP") for her. She had last been evaluated in February, 1984.
 
 
 8
 The Muscogee County School District refused to permit Paige to enter the public school system. The District also failed to develop a new IEP for her or to implement the old one. Instead, the District recommended residential placement at the Department of Human Resources Columbus Service Center (the "Center"). After the initial recommendation, the parents met with the school district twice, attempting to get Paige placed at a local school. When they could get no further action from the school district, Paige's parents enrolled her in the Center on a temporary basis. In October 1985, an individualized program plan ("IPP") was developed for Paige at the Center, but no educational plan ("IEP") was developed or implemented. Neither licensed teachers nor aids were provided for her.
 
 
 9
 None of the personnel at the Center held valid teaching certificates. Not until October 23, 1985 did the school district decide, with the parents' consent, to implement an updated IEP from the Texas school system on a twenty day temporary basis as of October, 1985. At that time, the school district decided to develop a permanent IEP by November 12, 1985.
 
 
 10
 Paige's parents requested a due process hearing on October 12, 1985. The requested hearing was not scheduled until November 24, 1985 and was not held until December 4, 1985. At the hearing, the regional hearing officer determined that the school district had failed to provide a timely hearing and had failed to provide free and appropriate education as required under the EHA. However, the hearing officer found against the parents on their contention that a school site was more appropriate for Paige than the residential training center. She determined that as long as educational standards were met and licensed teachers were provided during the school day, Paige could be taught at the Center.
 
 
 11
 The School District appealed. The state hearing officer sustained the decision of the regional hearing officer. After the passage of the HCPA in 1986, and based upon its retroactive enforcement date, the parents sought an administrative award of attorneys' fees and costs. The state hearing officer concluded that the parents could not petition administratively for such an award, but must seek relief from the federal court.
 
 
 12
 Paige's parents brought suit in the federal district court on June 5, 1987. The district judge hearing the matter denied their petition and granted summary judgment to the school district. The parents subsequently filed a motion to alter and amend the judgment, which motion was denied. For the reasons that follow, we reverse the decision of the District Court.
 
 Discussion
 
 13
 Congress enacted the Handicapped Children's Protection Act, 20 U.S.C. section 1415(e)(4)(B) as an amendment to the Education of the Handicapped Act ("EHA"), 20 U.S.C. section 1415(e)(4), in August, 1986. On its face, the statute provides attorneys fees to the prevailing party in administrative actions. It provides that
 
 
 14
 In any action or proceeding brought under this subsection, the court, in its discretion may award reasonable attorneys fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.
 
 
 15
 20 U.S.C. section 1415(e)(4)(B). The statute was expressly made retroactive to any action or proceeding pending on or brought after July 4, 1984. Section 5 of the HCPA provides:
 
 
 16
 The amendment made by section 2 shall apply with respect to actions or proceedings brought under section 615(e) of the Education of the Handicapped Act after July 3, 1984, and actions or proceedings brought prior to July 4, 1984, under such section which were pending on July 4, 1984.
 
 
 17
 Pub.L. No. 99-372, 100 Stat. 796 (Aug. 5, 1986). The district court's holding that 20 U.S.C. section 1415(e), as amended by the 1986 Act, does not authorize the imposition of attorney's fees and costs for time spent and expenses incurred before administrative boards is in error.
 
 
 18
 The term "action or proceeding" under the Act includes administrative hearings and appeals. Unified School Dist. No. 259 v. Newton, 673 F.Supp. 418, 420 (D.Kan.1987). See also Prescott v. Palos Verdes Peninsula Unified School Dist., 659 F.Supp. 921, 923 (C.D.Cal.1987) (Congress intended to provide attorneys' fees for work done solely at the administrative level). The district court's reliance upon Rollison v. Biggs, 660 F.Supp. 875 (D.Del.1987) is misplaced. The weight of authority is contrary to the Biggs decision. See, e.g., Arons v. New Jersey State Bd. of Educ., 842 F.2d 58 (3d Cir.1988) (the HCPA permits recovery of attorney's fees to the prevailing party at both the judicial and administrative levels); Neisz v. Portland Pub. School Dist., 684 F.Supp. 1530 (D.Or.1988) (costs and attorney's fees incurred by handicapped student's parents in a successful administrative challenge to the school district's determination were recoverable under the HCPA); Burpee v. Manchester School Dist., 661 F.Supp. 731 (D.N.H.1987) (permitting recovery of attorney's fees at the administrative level); Kristi W. v. Graham Ind. School Dist., 663 F.Supp. 86 (M.D.Tex.1987).
 
 
 19
 Appellees contend that administrative hearings are brought under subsection (b) of the statute rather than subsection (e) and, therefore, "any action or proceeding brought under this subsection" does not refer to administrative proceedings. However, the legislative history of the 1986 amendments to the EHA explicitly addresses this problem and states that
 
 
 20
 Section 2 of the bill amends section 615(e)(4) of EHA to permit a court, in its discretion, to award reasonable attorneys' fees, costs and expenses to the parents or guardian of a handicapped child or youth who is the prevailing party in an action or proceeding (a due process hearing or a state level review) brought under Part B of EHA.
 
 
 21
 H.R.Rep. No. 99-296, 99th Cong., 2nd Sess. (1985) at 5. See also sec. 4 of Pub.L. No. 99-372, 100 Stat. 796, 797-98 (1986) (requiring the General Accounting Office to collect data on the fees awarded in administrative and court proceedings).
 
 
 22
 Thus, if the appellants can establish that they were the prevailing parties in their administrative challenge to the school district's determination, they may recover their attorney's fees and costs in pursuing that challenge. This issue involves construction of the term "prevailing parties" under the Act. The appellants contend that the trial court erred in misconceiving their primary objectives and denying them attorneys fees and costs under the EHA. The district court found that the parents were not the prevailing parties in the administrative hearings because they failed to achieve their primary objective, which according to the court, was to have Paige placed in the local school system. The appellants contend that they were the prevailing parties because they achieved the most significant relief they sought, which was to ensure that Paige received a free and appropriate education. The school district contends that the district court applied the correct standard and argues that because appellants did not achieve the central issue of their effort they could not properly be awarded attorney's fees. The school district cites as controlling Simien v. City of San Antonio, 809 F.2d 255, 258 (5th Cir.1987) (the test for prevailing party status is whether the plaintiff prevailed on the central issue by acquiring the primary relief sought).
 
 
 23
 However, the statute's legislative history addresses this problem by explicitly requiring that the term "prevailing party" be given the same meaning it was given by the United States Supreme Court, in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct.1933, 76 L.Ed.2d 40 (1983), which employed the significant relief standard. H.R.Rep. No. 99-296, 99th Cong., 2nd Sess. (1985) at 5-6 (addendum 3). See also S.Rep. No. 99-112 at 13, 99th Cong., 2d Sess. (1986), reprinted in 1986 U.S.Code Cong. & Admin.News 1798, 1803.
 
 
 24
 The appellants have the better argument on this issue for two reasons. First, the regional hearing officer found for Paige's parents in the administrative hearing. It was the school district that appealed the hearing officer's determination. The original determination was upheld by the state hearing officer. Therefore, it appears that procedurally appellants were the prevailing party.
 
 
 25
 Second, the district court mistakenly applied the wrong standard in determining that substantively the parents were not the prevailing party because they did not achieve what the court determined was their primary objective. The legislative history indicates that the correct standard is the significant relief standard. Even if we assume that the parents' primary objective was to have Paige enrolled in the local public school, it seems clear that they wanted their child to have appropriate education. While the situs may be important, certainly the fundamental objective is the training and education of the child. In this quest the parents prevailed. The regional hearing officer determined that the child should have that which constituted a "free and appropriate education." This was the significant relief sought, and the lower court was in error in determining otherwise.
 
 
 26
 The district court also based its denial of attorneys fees on what it termed the "independent grounds" that (1) the regional hearing officer found Paige's placement at the Center to be appropriate, and (2) Paige's parents had paid no attorneys fees though they could have afforded to do so. The district court apparently felt that these were special circumstances giving it discretion to refuse to award the fees. Although the awarding of fees is termed "discretionary" under the EHA, the discretion is narrow and the reasons given in support of the discretion are subject to appellate review. Concerned Democrats of Florida v. Reno, 601 F.2d 891 (5th Cir.1979) (awarding of attorneys' fees in civil rights and Title VII actions, though labeled discretionary, is subject to appellate review of the specific reasons supporting the discretion). Appellants contend that in this case the court abused its discretion because it considered factors which should have been foreclosed to it as a matter of law and which renders the Court's decision clearly erroneous.
 
 
 27
 The question of significant objective achievement has previously been discussed. However, it is appropriate to develop the lower court's clear error in this regard. The district court found that because the hearing officer left Paige at the Center rather than placing her in a day school as her parents requested, Paige's placement at the Center was tantamount to providing her with the "free and appropriate education" mandated by the EHA. This conclusion, however, overlooks the fact that although Paige was permitted to stay at the Center, her educational program there was completely revamped. Originally, Paige was not provided with an educational plan at the Center. Neither were licensed teachers provided for her. The hearing officer directed the Center to provide her with eight hours of instruction by licensed teachers during the school day. Thus, the hearing officer can hardly be said to have found the school district's provisions for Paige appropriate.
 
 
 28
 Appellees argue further that the state was introducing "a new methodology." (Appellee's Brief at 28). Thus, because of the new approach and because the state had hitherto not provided educational services for severely retarded children, the court, appellees argue, was properly exercising its discretion in denying attorney's fees. This position is mistaken, however, because it assumes that the existence of a good faith, though erroneous defense by the School Board to the administrative challenge brought by Paige's parents would obviate the necessity of imposing attorney's fees on the appellees. Attorney's fees are awarded regardless of the good faith of a defense. Espino v. Besteiro, 708 F.2d 1002, 1005-06 (5th Cir.1983). Fees should, for the most part, be awarded to prevailing plaintiffs as a matter of course. J & J Anderson, Inc. v. Erie, 767 F.2d 1469, 1474 (10th Cir.1985).
 
 
 29
 The fact that attorneys fees had not been paid although Paige's parents could afford to do so is also irrelevant. There is no requirement under the statute that fees be paid before seeking reimbursement. The payment of the fees is a contractual obligation owed by the appellants to their attorney. See, e.g., Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (attorneys' fees are awardable even to nonprofit legal services attorneys who by statute may not receive or incur client fees); Duncan v. Poythress, 750 F.2d 1540, 1545 (11th Cir.1985) (pro se attorney may recover fees). Neither is the appellants' ability to pay a relevant subject for the court's consideration in awarding fees. The statutorily guaranteed right to attorneys' fees does not depend on a party's economic resources or the availability of free legal assistance. Gore v. Turner, 563 F.2d 159, 163-64 (5th Cir.1977).
 
 
 30
 Not only do civil rights and Title VII attorney's fees cases substantiate appellants' claim that the judge's discretion in awarding attorneys' fees is narrow, but the equities in this case lie with the appellants. It was the school district that dragged its feet in scheduling a hearing in the first place, and it was the school district who appealed the regional hearing officer's decision, a decision which was affirmed at the state level. The school district should not now be permitted to claim that the appellants did not actually achieve their goal nor defend by contending that no fee money has actually changed hands--a fact which is disputed by the appellants, and unsupported by evidence.
 
 
 31
 An issue the district court found unnecessary to rule on, but raised by the Appellee in its brief, is the argument that the retroactive imposition of attorneys' fees as authorized by the 1986 amendments to the EHA is an unconstitutional violation of the spending powers under Article 1, section 8 of the Constitution of the United States. Appellees cite Pennhurst State School & Hospital v. Halderman, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981) for this proposition.
 
 
 32
 Appellants point out that in Pennhurst, however, the Supreme Court addressed the issue of whether Congress, acting only pursuant to the spending clause could impose financial burdens on the states in exchange for federal funding. The Court held that the statute involved in that case created no substantive rights and that therefore Congress could not do so unless it did so unambiguously. Pennhurst, 451 U.S. at 17, 101 S.Ct. at 1539-40. However, the HCPA, the statute at issue in this case, unambiguously provides for attorneys' fees. Furthermore, it was not enacted pursuant solely to the spending power, but pursuant to section 5 of the fourteenth amendment of the United States Constitution. See, 20 U.S.C. sec. 1400(b)(8), (9) (equal opportunity obligations); see also Manecke v. School Bd., 762 F.2d 912, 918 n. 6 (11th Cir.1985) (the EHA vindicates handicapped children's constitutional claims to a free appropriate education).
 
 
 33
 Although this court has held that the retroactive application of the HCPA is unconstitutional where a final unappealed judgment was rendered prior to the Act's effective date, Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 805, 808 (11th Cir.1988), we point out that the factual situation in the instant case is entirely different. In GARC, the case was originally filed in 1978. The HCPCA, by its terms, provides attorney's fees for all cases brought after July 3, 1984 or pending as of July 4, 1984. Pub.L. No. 99-372, 100 Stat. 796 (Aug. 5, 1986). Thus, the HCPA would permit an award of attorney's fees in GARC only if the case could be considered pending as of July 4, 1984. The issue before the court was the construction of the statutory term "pending" under the HCPA. GARC, 855 F.2d at 809. The GARC court resolved the issue by holding that the class of cases "pending" on July 4, 1984 does not include a case in which a final unappealed judgment as to attorney's fees was rendered and became unappealable before August 5, 1986. Id. Here, the appellants brought their administrative challenge in the fall of 1985. Because the HCPCA expressly provides that attorney's fees are available for cases brought after July 3, 1984, GARC is inapplicable.
 
 Conclusion
 
 34
 The judgment of the district court is REVERSED and this case is REMANDED to the district court for a determination of the amount of reasonable attorneys' fees to be awarded to the appellants.
 
 
 
 *
 Honorable William M. Hoeveler, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 The Education of the Handicapped Act, 20 U.S.C. sections 1400-1485 (1982 & Supp. IV 1986), provides, in pertinent part, that:
 [i]n order to qualify for assistance under this subchapter in any fiscal year, a State shall demonstrate to the Commissioner that the following conditions are met:
 (1) The State has in effect a policy that assures all handicapped children the right to a free and appropriate education.
 20 U.S.C. section 1412 (1982 & Supp. IV 1986).